# Alexander *v.* Taylor *et al.*

### *Bill in Equity by Widow, for Quarantine and Dower.*

1. *Variance.*—Neither allegations without proof, nor proof without allegations, nor allegations and proof which do not substantially correspond, will entitle the complainant to relief, unless the defect be remedied by an amendment.

2. *Amendment of bill.*—Although the statute requires the allowance of amendments to bills, at any time before final decree, "to meet any state of evidence which will authorize relief" (Rev. Code, § 3356); it is not error to refuse an amendment, after the cause has been submitted for final decree, which presents a case for relief resting on the unsupported testimony of the complainant alone, when his testimony also shows that his claim rests on a paper title, which he does not produce, nor account for its non-production.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 12th March, 1872, by Mrs. Henrietta C. Alexander, the widow of Abraham F. Alexander, deceased, against Christopher H. Taylor and others; and sought an allotment of dower in the lands of which the said A. F. Alexander died seized and possessed, and statutory quarantine, or rents and profits up to the allotment of dower. The said A. F. Alexander died on the 6th April, 1866, intestate; and his estate was declared insolvent, on the report of the administrator, in 1870. Several judgments were rendered against him during the war; executions on these judgments were levied on the lands in March, 1866; the lands were sold under these executions in October, 1866, and the purchasers went into possession under the sheriff's deeds. The administrator and heirs-at-law of the said decedent, and the several persons who were in possession of the lands in which dower was claimed, were made defend-

ants to the bill. The chancellor refused to allow an amendment of the bill, under the facts stated in the opinion of the court; and on final hearing, on pleadings and proof, held that the complainant was not entitled to relief, because she did not file her bill within three years after the death of her husband, and because the proof showed that her statutory separate estate was at least equal in value to her dower interest and distributive share of her husband's estate. The final decree, and the refusal to allow the proposed amendment, are now assigned as error.

CRAWFORD & MOBLEY, with SNEDICOR & COCKRELL, for the appellant, contended that the amended bill should have been allowed, and that it made a clear case for relief; citing, on this point, Rev. Code, § 3356; *King v. Avery,* 37 Ala. 173; *Magruder v. Campbell,* 40 Ala. 611.

W. & J. WEBB, and W. COLEMAN, *contra,* contended that the statute neither required nor authorized the allowance of the proposed amendment.

STONE, J.—It is unnecessary in this case to consider any other question than that of the refusal of the chancellor to allow the proposed amendment to the bill; for, if the pleadings are permitted to remain as they are, the complainant is not entitled to dower in her deceased husband's lands.—Rev. Code, § 2380.

The law, under which it is claimed the amendment should have been allowed, is as follows: "Amendments to bills must be allowed, at any time before final decree, * * to meet any state of evidence which will authorize relief. * * If an amendment be allowed at the hearing, to bill or answer, the party against whom the amendment is allowed shall be entitled to a continuance, as a matter of right; and if the cause is continued, both parties shall have the right to take additional testimony."—Rev. Code, § 3356.

The purpose of the present bill is to recover dower and quarantine. The original bill, as filed, contains an admission that complainant is "seized and possessed in fee simple, as her separate estate under the Code of Alabama, of * * one house and lot in the city of Mobile, Alabama, * * worth three thousand dollars." Two amendments were made to the bill, while the case was undergoing preparation; but neither of them affects the clause above copied. Sworn answers were required of defendants, and the adult parties so answered. They admitted that Mrs. Alexander owned said property, and averred it was worth much more

than she had admitted.    Most of them fixed the value at five
thousand dollars.    They also set up in defense that she
owned other property, her statutory separate estate, and
they set forth in what it consisted.    There was proof taken
on each side, bearing on the value of Mrs. Alexander's stat-
utory separate estate; and the cause was submitted for final
decree, with consent that it be rendered in vacation.    Sev-
eral months after the submission, notice was served by com-
plainant, that motion would be made on a named day, before
the chancellor in vacation, for leave to amend the bill, by
striking out the clause above copied, in which she admitted
she owned a statutory separate estate.    When the day ar-
rived, on which the notice informed the defendants the
motion would be made, the file of papers had not reached
the chancellor, and no motion was in fact made on that, or
any other day.    The chancellor refused to entertain the
motion, and refused to allow the amendment.

The testimony of Mrs. Alexander, complainant, furnishes
the only ground on which the motion can be based.    The
first interrogatory propounded to her contains the following
language :    "State whether or not you were the owner, at
the time of your marriage, of a house and lot, furnished with
household and kitchen furniture ?"    In her answer she said,
"I was the owner of house and lot in Mobile, Alabama, and
also eight or ten shares in two insurance offices, three ser-
vants, and also a house and lot on State street, in Mobile,
Alabama, which I held as property of my children,·the same
having been purchased with money which was deeded to me
and my heirs, which money really belonged to my children."
In answer to a cross-interrogatory she said, "At the death of
my husband, my separate estate consisted of nothing but
the few articles of furniture, which I have repeatedly de-
scribed and enumerated in my answers to the interrogatories
in chief, and which I value at about three hundred and fifty
dollars.    I also had subject to my control the house and lot
on State street, in Mobile, which belonged to me and my
children.    This house and lot was purchased with money in-
herited by my former husband, Capt. Adams, and which was
given to me and my children by him, by deed of gift."
Neither the deed of gift referred to, nor any paper title to the
house and lot on State street, is attached to Mrs. Alexander's
deposition, or brought to the notice of the court.

On consideration of the evidence, the chancellor decided,
that the statutory separate estate of Mrs. Alexander, includ-
ing the dwelling on State street, was equal in value to her
dower interest in the lands of Dr. Alexander.    There is not
enough in this record to convince us he erred in this con-

clusion.  The question presented, then, is, whether this record presents such a state of evidence, as to show that the chancellor erred in disallowing the amendment.

It is a cardinal rule of chancery law, that the *allegata* and *probata* must correspond in every substantial element of complainant's cause of action.  A case for equitable relief must be shown by the bill, and substantially the same case must be shown in the proof, or in the admissions of the pleadings; and, as averments without proof, or proof without averments, will, neither of them, entitle a party to relief; so, if the bill show one cause of action, and the proof another, though each disclose a ground for equitable relief, yet, for the variance, the bill must be dismissed, unless the variance be healed by an amendment.  The best practitioners, through imperfect or erroneous information, will sometimes encounter a variance between their allegations and proof, which, without the statute (Rev. Code, § 3356), will be fatal to their bills.  To prevent such result, the statute in question was enacted.  Properly applied, the statute is eminently conservative, and can work no wrong or surprise to any one.

In *King v. Avery*, 37 Ala. 169, speaking of this statute, we said:  "If the state of the proof authorizes relief, the chancellor has no discretion in the matter of allowing the amendment.  *  *  In the present case, the amendment should have been allowed, if the state of the proof authorizes relief."  In the present record, the testimony is very vague and unsatisfactory.  The deed of gift from Capt. Adams, and the title to the house and lot on State street, should have been put in evidence.  They were the highest, and, in the absence of a sufficient excuse, the only legal evidence of their terms.  Any attempt to interpret them, without having them before the court, would be hazardous.  Failure to produce them must work some distrust of complainant's claim, so imperfectly presented.  We cannot, on such uncertain testimony, affirm that the amendment should have been allowed.  Coming as the offer in this case did, we are by no means convinced that, if allowed, there exists, in fact, a case which authorizes relief in favor of complainant.  There are other reasons, not necessary to be noticed, why the amendment in this case should not, probably, have been entertained or allowed.

Decree affirmed.