[Bonner et al. v. Young.]

# Bonner *et al. v.* Young.

*Bill in Equity for the Recovery of Legacies.*

1. *Re-examination of witness without an order; deposition will be suppressed.*—When a witness is re-examined, without an order for that purpose, his deposition will be suppressed on motion; but when no motion is made, the party seeking to suppress the deposition relying on objections made when filing cross interrogatories, which are not called to the attention of the Chancellor, the case will not be reversed because of such irregularity in taking the deposition.

2. *Sworn plea; rule that execution of written instrument foundation of suit must be denied by, applies inequity.*—The statute which renders a written instrument, which is the foundation of a suit, self-proving, unless the execution thereof is denied by a plea, verified by the party charged with its execution, or by whom it purports to have been executed, is applicable to suits in equity as well as to suits at law.

3. *Legacy for particular purpose; is not conditional and legatee may recover, when appropriation impossible.*—A legacy given for a particular purpose is not conditional, and if, without fault on the part of the legatee, the intended appropriation becomes impossible he may recover it, for such appropriation is but secondary and does not form a part of the substance of the gift, unless an intention that it shall be so regarded is clearly expressed, or necessarily implied.

4. *Legacy; in what court recovered.*—Under the present statute (Code, § 2634), which is an affirmation of the common law, no action at law can be maintained for the recovery of a legacy, except on proof that the executor has assented to it; until such assent the legatee must resort to a court of equity.

5. *Legacy; when statute of limitations can not be pleaded in bar to a bill for recovery of.*—The executor holds in trust for the legatee until a disclaimer, disavowal, or repudiation of the trust, of which the legatee has notice, and when no such disclaimer is shown the statute of limitations can not be pleaded in bar of a bill for the recovery of a legacy.

6. *Sureties on executor's bond; when statute of limitations begins to run in favor of.*—The statute of limitations begins to run in favor of the sureties on the bond of executors and administrators from the time of the judicial ascertainment of the liability of the principal, and where the trusts of the administration continue, although the executor fails to pay legacies, there is no act or omission which fixes the liability of the sureties, and the statute of limitations is not available to them in bar of a bill to recover legacies.

7. *Legacy; when presumed to have been paid.*—The lapse of twenty years from the time when a legacy becomes payable, without claim or demand by the legatee, and without recognition of the right by the executor, creates a presumption of its payment.

APPEAL from Wilcox Chancery Court.

Heard before Hon. CHARLES TURNER.

This was a bill in equity filed October 25, 1876, by Samuel O. Young against John C. and Robert E. Young, as executors

of the last will of Samuel Young, deceased, and against them individually, and also against Jos. H. Bonner and Thos. G. Jenkins, as sureties on the bond of J. C. and R. E. Young, as executors. Samuel Young, the grandfather of complainant, died in May, 1856, leaving a last will, in which was this provision : "I give to the son of my son, S. O. Young, the sum of one thousand dollars, said sum to be held by my executors, without interest, until he becomes of age. I further give to the son of S. O. Young the further sum of five hundred dollars, to be applied to his education, said education to be received at Erskine College, South Carolina." The complainant, who was the person alluded to in this clause of the will, became of age January 1, 1869, and had never received any part of these legacies. Letters testamentary were issued to J. C. and R. E. Young, as executors of the will, in June, 1856, and they took possession of the property of the estate, which was amply sufficient to pay all claims against it, and the legacies, but they did not inform complainant of the legacies, nor did they ever file any inventory or make any settlement of the estate, but converted the assets to their own use. The bill averred these facts, stating also that the executors were insolvent; that J. H. Bonner and Thos. G. Jenkins were sureties on the bond of said executors, and prayed for discovery, an account, and for a recovery of the legacies. There were decrees *pro confesso* against the executors, but the sureties interposed a demurrer on the ground that the complainant had an adequate remedy at law against the sureties, as they were not alleged to be insolvent. This demurrer was over-ruled. Thos. G. Jenkins answered the bill, but not under oath, and denied the genuineness of his signature as found on the bond of the executors. Jos. H. Bonner answered, alleging that he signed the bond because it was represented to him that Jenkins had already signed it, and claiming that as Jenkins had not signed the bond he was absolved from liability on it. Both sureties relied on lapse of time as a defense to the bill, setting up by plea the statute of limitations of six years, and the staleness of the demand. The evidence sustained the case made by the bill, and in the view taken by the court as to the execution of the bond by the surety, the testimony on that point need not be stated. R. E. Young was examined as a witness for complainant, and was subsequently re-examined on another commission, issued without any order of the court for that purpose. The respondents objected to the evidence thus taken, but it does not appear, from the record that any action was had on the objections by the Chancellor. On the hearing the Chancellor rendered a decree that complainant "was entitled to have and recover of

said executors and their sureties the aforesaid legacies, with interest thereon, from January 1, 1869." The Chancellor then computed the amount due, without a reference to the register, and ordered execution to issue therefor. The errors assigned are, overruling the pleas of the statute of limitations, and of the staleness of the demand, the action of the court as to the deposition of R. E. Young, and the decree rendered.

S. J. CUMMING, for appellant.—The second deposition of R. E. Young should be suppressed; he had already been examined; it was taken without affidavit, order of court, or order by the Register.—1 Dan. Ch. Pl. & Pr., Cooper's Ed., Sec. 18 p. 952. The evidence in the cause did not sustain the decree of the court as to the signature of defendant, Jenkins, to the bond.—*Kirksey v. Kirksey*, 41 Ala. 626. If the signature of Jenkins was a forgery the co-surety, Bonner, would not be liable on the bond.—*Seeley v. The People*, 27 Ill. 173. It was not necessary that the answer should have been sworn to in order to raise the question of the signature of Jenkins to the bond. Sections 3035 and 3036 of the Code do not apply to equity cases. The sections in Clay's Digest, p. 340, §§ 152, 153, under which *Holman v. Bank of Norfolk*, in 12 Ala. 367, was decided, is much wider than the sections in the Code. The bond given by the executors is not "the foundation of the suit." The demand is stale ; the will was probated in June, 1856, letters testamentary were issued June 9th, 1856, and this bill was filed October 25th, 1876.—*Harrison v. Heflin*, 54 Ala., and cases there cited.

The question of the statute of limitations of six years turns on the construction of paragraph 7, § 3226, of the Code of 1876. The misfeasance, or malfeasance, of the principals in this case, consisted in not paying over the legacies to appellee at the time they fell due ; the legacy of $500 fell due eighteen months after grant of letters testamentary, June 9th, 1856 ; the legacy of $1,000 when the legatee became of age, January 1st, 1869. Cases relied upon requiring a judicial ascertainment before the statute begins to run, are cases where there was no will, and a final settlement had to be made to ascertain how much was due each distributee, or whether or not they were entitled to anything.—*Rives v. Flinn*, 47 Ala. 481 ; *Fretwell v. McLemore*, 52 Ala. 124 ; *Jones v. Ritter*, 56 Ala. 270. There was nothing in this case to be "judicially ascertained." After the eighteen months the legacy of five hundred dollars could have been sued for (Code, § 2475), and, on the legatee's coming of age, the legacy of one thousand dollars could have also been sued for. When-

[Bonner et al. v. Young.]

ever the right of action accrues, and there is some one to bring suit, the statute of limitations begins to run, where no disabilities intervene.—Angell on Lim. (last Ed.) chap. 6, § 42, &c.·; *Ivey v. Owen*, 28 Ala. 642. Both legacies are specific as to amount and time, and the statute applies to them, at least in favor of sureties.—*Kane v. Bloodgood*, 7 Johns. Ch. Reps. 90 ; *Young v. Cook*, 36 Miss. 320 ; *Songer v. DeMeyer*, 2 Paige, Ch. R. 574 ; *Buchan v. James*, 1 Spear's Eq. (S. C.) 375 ; Angell on Lim. (last Ed.) Ch. 16, §§ 170, 171. To exempt a trust from the bar of the statute it must, first, be a direct trust ; second, it must be of a kind belonging exclusively to the jurisdiction of a court of equity ; and third, the question must arise between the trustee and *cestui que trust*.—Angell on Lim. (last Ed.) Ch. 16, § 166.

The rule laid down in Roper on Legacies does not apply to the legacy of five hundred dollars. The directions as to where and how it was to be expended were limitations, and acted as a destruction of the gift, unless the terms were complied with. If the money was not expended as directed, it was lost to the legatee. A legacy may vest where the condition is subsequent, subject to be divested on the non-performance of the condition. The appellee has never complied with the condition.—2 Redfield on Wills (3d Ed.) § 7, marg. p. 75, &c. A condition is not regarded as impossible because it is out of the power of the devisee to perform it. It is only when it becomes physically impossible of performance. 2 Story's Eq. Ju. § 1305 ; *Faulk v. Houlditch*, 1 B. & B. 248 ; *In re* Hodge, Law Reps. 16 Eq. 92 ; *Powell v. Rawle*, Law Reps. 18 Eq. 243. The doctrine insisted on by complainant in this case is somewhat similar to the doctrine of "*cy-pres*," which is not regarded with favor in this State.

COCHRAN & DAWSON, for appellee.—(No brief for appellee came into the hands of the reporter.)

BRICKELL, C. J.—The re-examination of R E. Young, without obtaining an order for that purpose, was irregular, and the deposition procured upon it, would doubtless have been suppressed, if a motion for that purpose had been made. But none appears to have been made, the appellants contenting themselves with the objections interposed, when filing cross-interrogatories, which were not called to the attention of the Chancellor, and upon which no action was invoked.

2. The statute renders every written instrument, the foundation of suit, self-proving, unless the execution thereof is denied by a verified plea, by the party who is charged with having executed it, or by whom it purports to have been

[Bonner et al. v. Young.]

executed.—Code of 1876, § 3036; *Wimberly v. Dallas*, 52 Ala. 196. The statute, it is true, is found in the chapter of the Code devoted to *evidence, in proceedings in civil actions in courts of common law*. The rules of evidence are, as to matters of fact, (not the mere manner of procuring and introducing it,) substantially the same in courts of law and of equity. The former statute, of which the present is a substantial re-enactment, was held applicable as well to suits in equity as to suits at law.—*Holman v. Bank of Norfolk*, 12 Ala. 369. The fact of the execution of the bond by Jenkins not having been put in issue by a verified plea, must be regarded for all the purposes of this suit as admitted. We shall not, therefore, look into the evidence, to ascertain whether it established that the subscription to the bond is his genuine signature.

3. The motive and purpose of the legacy of five hundred dollars, was the education, or a contribution to the expenses of the education of the legatee, at Erskine college. It was not the fault of the legatee, that it was not applied to that purpose. The application of it, or its payment to a guardian of the legatee, who was a minor, and by whom the application could be made, or if he was neglectful, compelled, was a duty resting upon the executors. It would be strange if the default of the executors could work a lapse or failure of the gift. There are no words of condition, no ·qualification annexed to the legacy, and no gift over in any event. A legacy given to a person for a particular purpose, is not conditional; and if without fault on his part, the intended appropriation becomes impossible, he will nevertheless be entitled to receive it. The reason is, that the gift being primarily for his benefit, the manner of its appropriation is but secondary; does not enter into and form part of the substance of the gift, unless an intent that it should be so regarded is clearly expressed, or may be matter of necessary implication.—2 Lomax Ex'rs, 141; *Rowlett v. Rowlett*, 5 Leigh, 29.

4. Until the assent of the executor, there is not in the absence of statutes providing otherwise, any remedy for the recovery of a legacy, elsewhere than in a court of equity. 3 Redf. Wills, 308. The statute of 1806, (Clay's Digest, 226, § 27,) provided that a residuary legatee should have an action of account against an executor; and that " any person having a legacy bequeathed in any last will and testament, may sue for and recover the same, at common law." Under the influence of this statute, it was held in *Wood v. Wood*, 3 Ala. 756, that as there was a concurrent remedy in law and in equity for the recovery of legacies, the statute of limitations applied in both forums; and that the lapse of six years

[Bonner et al. v. Young.]

from the time when a legacy ought to have been paid, was a bar to a bill in equity for its recovery. That statute was not carried into the Code, but in lieu of it the rule of the common law was enacted and declared, that an action at law can be maintained only upon proof that the executor has assented to the legacy.—Code of 1876, § 2634. It has long been the settled doctrine, that the statute of limitations cannot be pleaded in bar of a bill for the recovery of a legacy, for the plain reason that until a disclaimer, or repudiation, or disavowal, of which the legatee has notice, the executor holds in trust for the legatee, and there is no room for the operation of the statute—no adverse holding, or no hostile relation.—Ang. Lim. § 90; 3 Redf. Wills, 308. There was no assent of the executors to the legacies made known to the legatee; nor was there any disclaimer, disavowal or repudiation of the trust by them, of which the legatee had notice.

5. Nor can the statute of limitations be invoked by the sureties. The time from which the bar of the statute is computed as to the sureties of a public officer, or of an executor, or administrator, or guardian, is from the omission or act of the principal, which fixes their liability.—Code of 1876, § 3226. Until there was a judicial ascertainment of the liability of the executors to pay the legacies, the trusts of the administration continuing, and an omission to discharge that liability there was no act or omission which fixed the liability of the surety.—*Fretwell v. McLemore*, 52 Ala. 124. Nor is there room for a presumption of payment of the legacies from the lapse of time. The lapse of twenty years from the time when a legacy becomes payable, without claim or demand by the legatee, and without recognition of the right by the executor, will doubtless create a presumption of payment of a legacy, as it will of satisfaction of a judgment, bond, or mortgage, or the extinguishment of a trust. That period had not elapsed when the present bill was filed. We find no error in the record, prejudicial to the appellants, and the decree is affirmed.