# Hooper, Adm'r, v. Strahan.

*Bill in Equity to Enforce Vendor's Lien on Land.*

1. *Decree in equity rendered in vacation; when valid.*—Under Rule 77 of Chancery Practice, as found in the Revised Code, and which is brought forward into the Code of 1876, as Rule 80, a decree of a court of equity, rendered in vacation, on 13th September, 1877, is valid.

2. *Section 3036 of the Code of 1876 applicable to suits in equity.*—Section 3036 of the Code of 1876, providing that all written instruments, the

[Hooper, Adm'r, v. Strahan.]

foundation of the suit, purporting to be signed by the defendant, etc., must be received in evidence, without proof of the execution, unless the execution thereof is denied by plea verified by affidavit, manifestly applies as well to courts of equity as to courts of law.

3. *Defense of bona fide purchase for value without notice, to bill to enforce vendor's lien; what answer must aver.*—A defendant to a bill in equity filed to enforce a vendor's lien, who is a sub-purchaser, and defends on the ground that he is a *bona fide* purchaser for value and without notice, must aver in his plea or answer clearly, distinctly and without equivocation, (1) that he is a purchaser from one in actual or constructive possession, who was seized or claimed to be seized of the legal title, at the same time setting out substantially the contents of the deed of purchase, with date, consideration and parties; (2) that he purchased in good faith; (3) that he parted with value by paying money or other valuable thing, assuming a liability, or incurring an injury, stating the nature of the consideration fully; and (4) that he had no notice of complainant's equity, and knew no fact calculated to put him on inquiry, either at the time of the purchase, or at or before the time he parted with the consideration.

4. *Same; when answer insufficient.*—Tested by the foregoing requirements, the answers of defendants in this case, who were sub-purchasers, and claimed that they were *bona fide* purchasers for value and without notice, are held to be insufficient.

5. *Allegations and proof must correspond.*—In such case, proof without allegations will not entitle the defendants to the benefit of their defense.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed by Charles M. Hooper, as the administrator of the estate of Thomas D. Jones, deceased, against Thomas H. Strahan, Sarah Strahan, the widow and heirs of said decedent, and James M. Monk and J. T. McCoy, and its purpose was to enforce a vendor's lien on certain lands which said decedent sold to Thomas H. and Sarah Strahan, Monk and McCoy being made parties defendant as subpurchasers of different portions of the land. The bill alleges that on 7th October, 1862, the decedent sold the lands on which the lien is claimed to Thomas H. and Sarah Strahan, and "executed his bond for title to them on the payment of the purchase-money, or made to them a deed or some other writing showing that such sale had been made, the precise nature of which your orator can not state, the same being in the possession of the defendants;" that for the purchase-money they jointly executed their two promissory notes, one for $1,600, payable on 25th December, 1863, and the other for $1,620, payable on 25th December, 1864; and that only $700 had been paid thereon. These notes were made exhibits to the bill.

The defendants Monk and McCoy filed separate answers under oath, in which the execution of the notes was put in issue. The answer of Monk admits the purchase of the lands by Thomas H. and Sarah Strahan; denies, on information and belief, the making of a bond for title, and avers, also on infor-

[Hooper, Adm'r, v. Strahan.]

mation and belief, that said decedent, at the time of the pur-
chase, executed to said Thomas H. and Sarah Strahan a deed to
said lands, in which he acknowledged full payment of the pur-
chase-money. The answer, as amended, further avers that in
the year 187–, he purchased from Thomas H. and Sarah Stra-
han "four hundred and odd acres of land, being all the land
described in the bill, except that claimed by said McCoy, at the
price of $1,100, $100 of which he paid in cash, and for the
balance he executed two notes of $500 each, due at one and two
years, which were thereafter sold and assigned" to one Tatum;
that he settled both of the notes "by paying Tatum $100 in
money, and a mule valued at $200, and by assuming a debt of
$200 due by said Strahan (?) to J. C. Meadows; and in consid-
eration of said payment and of his assuming said indebtedness,
Tatum delivered up to this defendant, as cancelled, said two
notes;" that "in consideration of said payments said Thomas
H. and Sarah Strahan executed on the ––— day of — 187–,
a deed to defendant of said four hundred and odd acres, and
this respondent has since claimed and held under said deed;"
and that at the time of defendant's purchase the said Thomas
H. and Sarah Strahan were in possession, claiming title, as he
is informed and believes, under an absolute deed from Thomas
D. Jones, "and asserting that there was no outstanding lien on
said lands;" that, as is stated on information and belief, "there
was, at the time of his said purchase, no lien on said lands;
and that when he purchased he believed he was getting a good
title to said lands, free of all liens or incumbrances."

McCoy, in his answer, claims sixty acres of the land sought
to be subjected to sale, which he particularly describes; and, as
to this part of the land, he admits the purchase by Thomas H.
and Sarah Strahan from Jones, and avers, on information and
belief, that Jones, at the time of the purchase, executed to them
a deed in fee-simple, with full covenants of warranty, and ac-
knowledging full payment of the purchase-money; that "on
or about November 29th, 1869, J. R. Pinkard was in posses-
sion of said sixty acres of land, pretending to be seized in fee
thereof, holding a deed with covenants of warranty from said
J. H. and Sarah Strahan, of date September 30th, 1868; that
believing from information which he had received, that Thomas
H. and Sarah Strahan had obtained from Jones "a perfect
legal and equitable title," he, in the month of November, 1869,
the exact date not remembered, purchased from J. R. Pinkard
the said sixty acres for the sum of $300, which he paid in cash,
and received from him a deed, with covenants of warranty,
duly executed and acknowledged by the said Pinkard and his
wife, and conveying to him said sixty acres in fee simple; that
at the time of his purchase he had "no notice whatever, nor

[Hooper, Adm'r, v. Strahan.]

any suspicion that said Jones held notes for the purchase-money, or any other claim or lien of any character on said land, or that any one else did; and that if said Jones did hold notes for the purchase-money, he is a *bona fide* purchaser for a valuable consideration, without any notice of complainant's equity, and without any notice that any purchase-money was due on said land to any one, and without any knowledge of any fact tending to show that any of the purchase-money was due."

As the decision of this court is based on the insufficiency of the said defendants' answers, the testimony need not be set out. The cause was submitted, on pleadings and proof, at the June term, 1877, and was held up by the chancellor for decree in vacation. On the submission, the complainant offered in evidence, *inter alia*, the two notes which were made exhibits to the bill, without proof of their execution. To the introduction of the notes the said defendants objected, on the ground that the execution thereof was not proved. On September 13th, 1877, in vacation, a decree was rendered, dismissing the bill, "without reference" to the objection made to the introduction in evidence of said notes; and that decree is here assigned as error.

G. D. & G. W. HOOPER, for appellant.—(1) The final decree in this case was rendered in vacation. This was irregular. *Rogers v. Torbut*, 58 Ala. 523. (2) No proof of the execution of the notes was necessary.—Code of 1876, §§ 3035–6. These sections apply to suits in equity as well as to suits at law. *Holman v. Bank*, 12 Ala. 369; *Bonner v. Young*, 68 Ala. 35. (3) The answers of the defendants Monk and McCoy are insufficient to set up the defense of *bona fide* purchases for value. *Ledbetter v. Walker*, 31 Ala. 175; *Johnson v. Toulmin*, 18 Ala. 50; 2 Brick. Dig. p. 518; *Shorter v. Sheppard*, 33 Ala. 648; *Boone v. Chiles*, 10 Peters, 177; *Jewett v. Palmer*, 7 Johns. Ch. 65. (4) Other questions not passed on by the court are also discussed.

J. M. CHILTON, *contra*, after discussing other questions which are not passed on by the court, contended, that there was no proof whatever that the notes were executed by Thomas H. and Sarah Strahan. Section 3035 of the Code of 1876 makes written contracts evidence, etc., only as against the party to the contracts and not as against parties between whom and the maker there is no privity.

SOMERVILLE, J.—It is insisted that the decree in this case is erroneous, because it was rendered in *vacation*, on September 13, 1877, without the agreement of the parties or their

attorneys.  In support of this view the case of *Rogers v. Torbut*, 58 Ala. 523, is cited and relied on by the appellant's counsel.  It is there held, that there was no law in force authorizing such decree between December 8, 1873, when section 3470 of the Revised Code of 1867 was repealed, and December 9, 1877, when the Code of 1876 became operative, and the same section was again revived.—Code, 1876, § 3896.  This case was in effect overruled in *Luddington v. Forrest*, 68 Ala. 1, which sustained a similar decree under the power conferred by Rule 77 of Chancery Practice, found in the Rev. Code of 1867, p. 834, and carried into the Code of 1876, as Rule 80, p. 172.  It is provided expressly by this rule that "when a cause is submitted during term time for a decree or order, such decree shall be valid if rendered during any vacation."  There is no force, therefore, in the objection that the decree was rendered in vacation, as this was authorized by the above rule, which was in existence at the date of its rendition.

The notes given for the purchase-money, and purporting to be signed by the defendants, were *prima facie* evidence of the existence of the debt, and were properly admitted in evidence without proof of their execution.  They were the foundation of the suit, and their execution was not denied by the defendants under oath.  The sections of the Code (§§ 3035–6) bearing on this subject manifestly apply as well to courts of equity as to courts of law, the rules of evidence generally in each court being the same, except so far as modified by statute. *Holman v. Bank of Norfolk*, 12 Ala. 369, 413–4; *Bonner v. Young*, 68 Ala. 35.

It is urged in this case further, that there is a fatal variance between the allegations and the proof made by the defendants, and that although the evidence may have authorized the dismissal of the bill, the answers of the defendants Strahan and Monk were defective in failing to make the proper averments, showing that they were *bona fide* purchasers of the land in controversy for value and without notice.

The rule is settled in this State that, in such cases, it is required of a defendant, who is a sub-purchaser, to aver in his plea or answer clearly, distinctly and without equivocation, and with proper circumstantiality of detail, the following facts: 1st. That he is a purchaser from one in actual or constructive possession, who was seized or claimed to be seized of the legal title, at the same time briefly setting out substantially the contents of the deed of purchase, with date, consideration and parties; 2nd, that he purchased in good faith; 3rd, that he parted with value by paying money or other valuable thing, assuming a liability, or incurring an injury, stating the nature of the consideration fully; 4th, that he had no notice of com-

plainant's equity, and knew no fact calculated to put him on inquiry, either at the time of the purchase, or at or before the time he parted with the consideration.—*Craft v. Russell*, 67 Ala. 9; 1 Brick. Dig. p. 718, § 1134; Story's Eq. Plead. § 805.

The answer of the defendant Monk fell very far short of these requirements, and that of McCoy was defective in failing to describe his deed with sufficient particularity, averring only the month and year of its execution without more.

The principle is settled that the *allegata* and *probata* in pleading must always correspond. Neither allegations without proof, nor proof without allegations will avail to entitle a complainant to relief, or a defendant to the benefit of his defense, unless the defect is remedied by amendment.—1 Dan. Ch. Pr. 361 (*note* 1); *Alexander v. Taylor*, 56 Ala. 60.

For the defects, as above pointed out, in the pleas or answers, as we may choose to consider them, of the appellees, Monk and McCoy, the decree of the chancellor must be reversed and the cause remanded for further proceedings. There are other questions argued in the briefs of the counsel not necessary to be considered, as they are not properly raised by the assignments of error.

Reversed and remanded.


### *Bill in Equity to Enforce Vendor's Lien.*