[Paige et al. v. Broadfoot.]

# Paige *et al. v.* Broadfoot.

### *. Bill to Enforce Vendors Lien.*

1. *Ownership of note ; sufficiency of allegation.*—A bill to enforce a vendor's lien alleging that the purchase-money notes were made payable to complainant need not allege that they still belong to her, this being presumed.

2. *Same; cannot be put in issue without sworn plea.*—Under a bill filed to enforce a vendors lien for the payment of a note complainants ownership of the note can only be put in issue by a plea verified by affidavit.

3. *Indefiniteness in description of land.*—A bill to enforce a vendor's lien describing the land as 12 acres situated in the southwest corner of a certain quarter section, being 1,581¼ chains east and west by 758¼ chains north and south, is bad for indefiniteness in the description.

4. *Foot-note to bill of complaint.*—Chancery rule 13, requiring complainant to point out what shall be answered, is complied with by a footnote to the bill requiring answer to the allegations in paragraphs numbered from 1 to 5, inclusive.

5. *Waiver of oath to answer.*—Where the bill does not explicitly waive oath the answer must be sworn to.

6. *Bill filed by woman.*—A bill filed by a woman need not show whether she is married or single.

APPEAL from the City Court of Decatur.

Heard before Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by Catherine E. Broadfoot against John Paige and his wife, and sought to enforce a vendor's lien on certain property. The appeal is prosecuted from a decree of the chancellor overruling certain demurrers interposed by the defendants.

The description of the property upon which the lien is sought to be fastened is sufficiently stated in the opinion. After alleging the sale of said property to John Paige by the complainants, and the execution by said Paige of his two promissory notes for the deferred payments to the complainant, the bill further alleged that the complainant did convey the described premises to the said defendant "by a good and sufficient deed in which her husband, John M. Paige joined," and said deed was duly acknowledged both by her husband and herself. The defendant interposed a demurrer and assigned the following grounds : 1st. Because the bill fails to aver that the notes described in the said bill, were, at the time of the filing of the bill the property of

[Paige et al. v. Broadfoot.]

the complainant.   2d. That the bill fails to aver that complainant was able or undertook to make a valid deed of the property to the defendants.   3d. Because the description of the land as found in the bill is not sufficiently described as to inform defendants what land the complainant undertook to subject to the payment of the money alleged to be due complainant.   4th. Because in the prayer of said bill the complainant did not give to the respondents notice as required by rule 13 of Rules of Chancery Practice, what they are required to answer, or whether they should answer under oath or not.   5th. Because the bill shows on its face that the complainant is a woman, but it does not aver whether she is a married woman or a single woman, and it is not averred whether the property alleged to have been sold by her to the respondents, or the notes referred to in her bill, belonged to her separate estate.

These demurrers were filed on March 2, 1893, and on April 3, the complainant amended the prayer of her bill so as to require the defendants to answer "whether the allegations of said bill are true, if not, wherein are they untrue," but not under oath.   The foot note to the said bill was also amended by adding thereto "but not under oath."

On the submission of the cause upon the demurrers they were overruled.

S. T. Wert, for the appellant.

E. W. Godbey, for the appellees.

HARALSON, J.—1. The allegation of the bill as to the ownership of the notes is, that they were made payable to the complainant, and nothing appearing to the contrary, the presumption is, they continued to be hers.   Besides, her ownership of the notes she sues on, can not be put in issue without a plea denying her ownership of them, verified by affidavit.—*Hooper v. Strahan,* 71 Ala. 75; *Bonner v. Young,* 68 Ala. 35; Code, § 2770.

2.   The second ground of demurrer is based on the lack of allegations which plainly appear on the face of the bill.

3.   The land is described in the bill, as 12 acres situated in the S. W. corner of the S. E. quarter of S. 5, T. 6, R. 4, West, being 1,581¼ chains, East and West, and 758¼ chains, North and South, in Morgan county, Alabama.   A parellelogram of such dimensions contains considerably over 100,000 acres.   The twelve acres, on which the lien is sought to be declared and enforced, is lost in bewildering uncertainty.

We take it, there is a mistake in the transcript, but we have nothing else by which to go.

4. The foot-note to the original bill required the defendant to answer "all the allegations in the foregoing bill, in the paragraphs numbered from 1 to 5 inclusive." This was a compliance with the 13th rule of chancery practice, and oath not having been waived, the answer was required to be sworn to.—*McKenzie v. Baldridge*, 49 Ala. 564; Code, § 3424. The objection taken to the bill that it did not conform to said rule of chancery practice, was without merit. After the demurrer on this ground, and before it was passed on, an amendment, by leave of court, was filed, waiving oath to the bill, and the demurrer as originally filed was not refiled, nor was any new demurrer filed to the bill as amended. If the bill had been defective in the alleged matter of form, without the amendment,—which is not the case,—and its defect had been cured by amendment, the former demurrer, not having been refiled, after amendment, was *functus officio* and could not be considered.— *Voltz v. Voltz*, 75 Ala. 555.

5. A bill filed by a woman need not show she is married or single. This bill shows complainant was a married woman, however, and that the notes sued on, were her separate estate, and alleges that on the 14th day of January, 1888, she conveyed the land mentioned in the bill to defendant, Jno. Paige, by a good and sufficient deed, in which her husband, P. M. Broadfoot joined, and which was duly acknowledged by herself and her husband.

All the grounds of demurrer, except the third,—the one having reference to the description of the land—were without merit, and as for them, the demurrer was properly overruled, but it should have been sustained, on account of the said indefiniteness of description of the property on which the lien is sought to be enforced.

Reversed and remanded.