# Dreyspring, Admr. v. Loeb.

*Bill in Equity to Foreclose Mortgages.*

1. *When execution of mortgage and assignment not in issue*—The execution of a mortgage and assignment thereof, made exhibits to a bill filed by the assignee for foreclosure of the mortgage is not in issue, and need not be proven, unless their execution is denied by plea or answer verified by affidavit under Code of 1896, §3296.

2. *Proof of averments not denied unnecessary.*—The complainant is not called upon to offer evidence in support of an averment introduced by amendment to the bill as against respondents who were parties in court at the time of decree allowing the amendment, and who have not denied such averments by answer.

3. *Depositions; answers prepared beforehand.*—A witness, in giving his deposition, may use a memorandum to refresh his memory as to dates, names, amounts, and the like; but depositions consisting of answers prepared in writing beforehand, and read to the commissioner. are in the nature of *ex parte* affidavits, and should be suppressed.

APPEAL from Montgomery City Court.

Tried before Hon. JNO. G. WINTER.

The appeal is taken by the respondents, A. T. Dreyspring, as administrator of the estate of Elias Judkins,

deceased, *et al.*, who assign as error the decree of the chancellor overruling the motion to suppress the depositions of complainant's witnesses; the overruling of their objections to the mortgage and assignment, and the rendition of the final decree granting complainant relief.

GORDON MCDONALD, for appellants.—The depositions should have been suppressed.—*Shaw v. Lindsey*, 15 Vesey Jr. 380; 1 Barbour Chan. Pr. p. 282; *Sayre v. Wagstaff*, 5 Beav. 262; 1 Greenl. on Evidence, 438, p. 375; *Doe v. Perkins*, 3 Term. Rep. 409; Weeks on Depositions, 366. The want of proper parties to a bill in equity may be taken advantage of either by demurrer or plea or answer, and it may be raised for the first time on the hearing of the cause, or even *ex mero motu* by the court itself, or even on appeal for the first time.—*Boyle v. Williams*, 72 Ala. 354; *Lawson v. Alabama Warehouse Co.*, 73 Ala. 290; *Comer v. Bragg*, 83 Ala. 217. It has always been the law governing the courts of equity in this state that, when a mortgage of realty, by an assignment, has failed to convey the legal title to the lands mortgaged, he must be made a party to a bill to foreclose. The legal title must be before the court and no decree can be rendered in the absence of the holder thereof. *Bibb. v. Hawley*, 59 Ala. 403; *Denby v. Mellgrew*, 58 Ala. 403; *Fulgham v. Morris*, 75 Ala. 245. An assignment of a mortgage, to pass the legal title, must not only use words of conveyance, but must be executed and attested, or acknowledged, as ordinary conveyances are required by law to be.—*Sanders v. Cassidy & Blackwell*, 86 Ala. 246; *Graham v. Newman*, 31 Ala. 497; 1 Jones on Mortgages, 787; *Adams v. Parker*, 12 Gray, 15; *Smith v. Kelly*, 46 Am. Dec. p. 395. Not having proof of a valid assignment of the legal title, and therefore without proper parties, it was immaterial whether the plea or answer was verified.

E. P. MORRISSETT, *contra*.—(On application for rehearing). The motion to suppress depositions was properly overruled.—*Goodrich v. Goodrich*, 44 Ala. 680-1. Was it not within the discretion of the chancellor?—See *Cullum v. Smith & Corklin*, 6 Ala. 672; *Jordan v. Jordan*, 17 Ala. 471; *Spencer v. Mitchell*, 9 Ala. 744.

The motion to suppress came too late.—*Harris v. Miller,* 30 Ala. 221-3; Weeks on Depositions, 378.

COLEMAN, J.—The appellee filed his bill to foreclose two certain mortgages executed by Elias Judkins in which his wife joined for the purpose of conveying her dower interest. The first of these mortgages was executed to the British & American Mortgage Company, Limited, to secure a loan of money, and which mortgage was assigned to complainant. The second was executed directly to complainant to secure a further loan of money. The British & American Mortgage Company was not made a party to the suit, and the question was raised, that the legal title was not before the court. The bill shows that subsequent to the endorsement of the notes and assignment of the mortgage, which were in writing, and which standing alone, it may be conceded did not contain apt words to convey a legal title, "On the 21st of May, 1894, to carry out its original purpose of conveying the legal title to the property named in said mortgage and for ———— dollars received, sold and conveyed all its interest in said lands to plaintiff."—Code of 1896, §983, (Code of 1886, §2694) ; *Wisdom v. Reeves,* 110 Ala. 418. This conveyance is made an exhibit to the bill, and reads as folllows: "For value received from Leon Loeb, the undersigned, British & American Mortgage Company (Limited), hereby transfers and assigns without recourse, the within mortgage to the said Leon Loeb, and sells and conveys without warranty to him, the said Leon Loeb, all the right, title and claim of the said British & American Mortgage Company (Limited) to and in the lots herein named; all without recourse on the said British & American Mortgage Company (Limited). (Signed) The British & American Mortgage Company (Limited), by S. Jemison, E. F. Browning, Directors. Witness: Geo. M. Zeb as to signature of E. F. Browning."

It is contended by appellant that complainant has offered no evidence of the authority of Jemison and Browning, or either of them, to execute said conveyance. The bill avers directly that the British & American Mortgage Company (Limited) executed the conveyance and the assignment, and both are made, as stated, exhibits to the bill. Section 3296 of the Code of

1896 (§2676 of Code of 1886), provides that "Pleas which deny the execution by the defendant, his agent * * * of any instrument in writing, or the assignment of the same, must be verified by affidavit," etc. The answer of the respondents, therefore, denying the assignment and execution of the convyance, is not verified, nor have they denied the same by sworn plea. The statute applies to courts of equity.—*Bonner v. Young,* 68 Ala. 35; *Hooper v. Strahan,* 71 Ala. 75; *Ledbetter v. Vinton,* 108 Ala. 644; *Ala. Coal Mining Co. v. Brainard,* 35 Ala. 476.

After Elias Judkins had filed his answer, and a portion of the evidence had been taken, he died. His administrator was made a party respondent, who answered the bill. Subsequently the bill was further amended by averring, that Elias Judkins died intestate, and that respondent, Addie Judkins, his wife, was his only heir and distributee. The respondents filed no answer to the bill as thus amended, and it is now insisted that as there was no evidence offered to sustain the amendment, the court must presume there were other heirs. We are unable to perceive any reason for such a presumption. The averment was not denied either by the wife or the administrator, both of whom were parties respondent and in court at the time of the decree of the court, allowing the amendment to be made. The complainants were not called on to offer any evidence in support of the averment, at least so far as these respondents are concerned.

Interrogatories and cross-interrogatories were propounded to the complainant and his brother, and copies were served upon each of them. When they appeared before the commissioner appointed to take their depositions, each had a paper from which, apparently, each read the answers to the several interrogatories and cross-interrogatories. Objection was made by appellant at the time, to the reading from the prepared statement answers to the interrogatories. Before submitting the cause for final decree, the appellants moved the court to suppress these depositions, upon the grounds, that their answers had been prepared beforehand, and that the witnesses did not answer otherwise than by reading the prepared statement. It cannot be doubted that the answers of witnesses to interrogatories and cross-interrogatories, not made from the witness' own recollection, should be suppressed. A witness may very properly use a memorandum to refresh his memory as to dates, names,

amounts, etc., but answers prepared in writing beforehand and read to the commissioner are in the nature of *ex parte* affidavits, and in no true sense, evidence given upon examination. After a careful reading of the testimony taken upon the motion to suppress the depositions, our conclusion is, the motion was sustained, and the depositions should have been suppressed. For this error, the cause must be reversed and remanded, and leave granted to re-examine the witnesses.

Reversed and remanded.

### *Bill in Equity to Foreclose a Vendor's Lien.*