138 So. 815

### C. G. KERSHAW CONTRACTING CO. v. CASCADE CORPORATION OF ALABAMA.

6 Div. 762.

Supreme Court of Alabama.
May 14, 1931.

Rehearing Denied Jan. 21, 1932.

John S. Stone and R. B. Evins, both of Birmingham, for appellant.

Cabaniss & Johnston, of Birmingham, for appellee.

THOMAS, J.

The bill had for its purpose the establishment and enforcement of a material and labor lien on land, or an equitable mortgage thereon for the indebtedness incurred by written contract in the improvements upon said land; the improvements consisting of a swimming pool and structure incidental thereto.

The answer of respondent was made a cross-bill, and the agreement exhibited, alleged to be void, was prayed to be canceled on the records of the probate court. And of the instrument averred to be executed by authority in the original bill, it is averred, among other things, as follows: "Respondent alleges that said instrument was executed without authority and was and is in no sense binding upon this respondent, and that the complainant acquired under said instrument no right of any kind whatever as to the lands of this respondent, or as to the shares of its capital stock, or as to the admittance charges charged for admission to the properties of this respondent, but further alleges that complainant claims under and by virtue of said instrument to have a lien upon the properties of this respondent and upon its unissued capital stock and upon said admittance charges, and claims that said instrument is a valid mortgage on the lands and improvements hereinabove described of this respondent, and is threatening to foreclose said purported mortgage, and further alleges that said instrument was heretofore filed for record by the complainant in the office of the Probate Judge of Jefferson County, Alabama, and that said instrument constitutes a cloud on the title of this respondent." And there was a prayer for the cancellation of such agreement or equitable mortgage of record.

The cross-respondent demurred to the cross-bill on various grounds, and submission was had thereon; but the court did not rule on said demurrers, but held that the original respondent was not indebted and dismissed the bill on the grounds that the agreement exhibited was void and directed its cancellation as a cloud upon the original respondent's title. From this decree the appeal is prosecuted.

The rules governing the enforcement of a materialman's lien need not be restated. Richardson Lbr. Co. v. Howell, 219 Ala. 328, 122 So. 343; Ingram v. Howard, 221 Ala. 328, 128 So. 893; Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90; section 8832, Code.

It will be noted that the complainant has not elected to claim a lien for and to the extent of an unpaid balance due by the original respondent to a general contractor, but alleges material changes in the contract had the effect of or made complainant the original rather than a subcontractor. Respondent insists that at no time and by no fact or circumstance shown, did complainant cease to be the subcontractor under Whittle and become the original contractor of respondent, such as entitled it to a statutory lien on said property. If further insists that the full consideration of its original contract with Whittle—the full amount agreed upon—was paid to him as the original contractor; and that neither the directors nor the stockholders at any time treated its contract with Whittle as having been abrogated, rescinded, transferred, or assigned to another.

The bid for construction by complainant of date of February 23, 1923, was to Mr. Whittle. The agreement of date of June 2, 1923, recites:

"Whereas, on the 23rd day of February, 1923, or a short time prior thereto, said corporation employed O. F. Whittle as general contractor to construct and complete the Cascade Plunge and other improvements on said land, and on said 23rd day of February, 1923, the said Whittle employed C. G. Kershaw Contracting Company, a corporation, to do said work; and

"Whereas, said C. G. Kershaw Contracting Company has furnished the labor and materials necessary to complete said work in accordance with such employment, with the exception of a small amount of work yet to be done, and there remains due and unpaid about Thirty-five Thousand Dollars ($35,000.00) due said C. G. Kershaw Contracting Company under the terms of said employment."

In the claim of lien filed in the office of the probate judge is the exhibit of notice by complainant, stating: "There is a balance of Forty-two Thousand, Six Hundred Fifty-eight and 79/100 Dollars ($42,658.79) due it for such materials, labor and work. As you are aware, the said C. G. Kershaw Contracting Company claims and has a lien on said lands and improvements for the said amount so due it. Said materials, labor and work were furnished under a contract between O. F. Whittle and said C. G. Kershaw Contracting Company, as amended by an agreement executed by the said O. F. Whittle, C. G. Kershaw Contracting Company and yourself on the 2nd day of June, 1923, and said O. F. Whittle in and by said agreement, sold, transferred and assigned to said C. G. Kershaw Contracting Company all liens then existing or thereafter arising in his favor against said lands and improvements, and all amounts then due him or which might subsequently become due him by you."

The minutes of the meeting of the board of directors set out refute the substitution of contractors or the agreement for a lien or equitable mortgage for any balance due subcontractor. And Mr. Jones, general superintendent of complainant's firm, testified that he knew when it undertook the work that its execution was to be as subcontractor under Whittle as general contractor, that complainant did not know the terms of the original contract, made no inquiry thereof, or of whether full payment was made thereon.

■ Whatever theory be pressed by appellant, and considered by this court, the record shows that until June 2, 1923, complainant-appellant had full knowledge of the facts that Whittle was the original contractor, and with this knowledge, furnished the material and labor for the prosecution and completion of the work as subcontractor under Whittle, and therefore proceeded with full knowledge that its statutory lien would only extend to the unpaid balance under the construction contract. Such was the limit of liability as affected the owner (and his property) without due notice to the contrary. Richardson Lumber Co. v. Howell, supra; Butler v. Hawk, 221 Ala. 347, 128 So. 451; Cranford Mercantile Co. v. Wells, 195 Ala. 251, 70 So. 666; Dixie Lumber Co. v. Young, 203 Ala. 115, 82 So. 129.

■ When the evidence is carefully considered under the pleadings, complainant-appellant has no lien or equitable claim or mortgage on the property of defendant by virtue of a contract of construction with Whittle, or by way of the contract of June 2, 1923. The latter contract made by Whittle with appellant shows that it was entered into by complainant, with full knowledge that Whittle executed the same for the purpose and with the effect of releasing or securing his individual indebtedness, or such sums as he may owe to the complainant as his subcontractor; and that this was done without the express or implied authority of law (Bob Bell Realty Co. v. Jones Valley Co., 221 Ala. 689,

130 So. 320; Gen. Acts 1911, p. 564, § 1 (Amendment 1923, p. 249) by respondent corporation. The testimony of Mr. Jones was to the effect that when the contract of June 2, 1923, was made the work was "substantially completed, but a few details," and witness could not recall the amount of expenditure thereafter made. Dr. Bell said that only the work of "cleaning up" and "a little work on the drainage" and "hanging doors" remained to be done, and that Whittle did not report that he was going to execute the agreement of June 2, 1923. And such, no doubt, was the reason that induced the decree for respondent under its answer and cross-bill, and from which decree the appeal is prosecuted.

■ The bill was amended, and there was answer and cross-bill, and answer thereto; and answer under oath was respectively waived. The pleadings of respondent were not challenged by demurrer that the same were not verified, or that the act of Whittle on June 2, 1923, was without authority of the corporation—defendant in the original bill and complainant in the cross-bill. It is true that a copy of the instrument of date above indicated and attached to the bill as amended was introduced in evidence, and was not impeached by answer under oath or by a sworn plea of non est factum. Section 7663, Code 1923. The statute is a mere rule of evidence, Rains v. Patton, 191 Ala. 349, 351, 67 So. 600, and has been applied in equity as well as at law, Dreyspring, Adm'r, v. Loeb, 119 Ala. 282, 24 So. 734; Sulzby v. Palmer, 196 Ala. 645, 70 So. 1; Ledbetter & Co. v. Vinton, 108 Ala. 644, 18 So. 692; Bonner v. Young, 68 Ala. 35; Hooper, Adm'r, v. Strahan, 71 Ala. 75; Alabama Coal Mining Co. v. Brainard, 35 Ala. 476.

■■ It is further held that where execution is not denied, but fraud or estoppel is alleged, the pleading need not be verified. Prestwood v. Carlton, 162 Ala. 327, 50 So. 254. Here the insistence is that the execution by Whittle of the agreement of June 2, 1923, attempting to confirm the lien on the corporation's property, and attempting to secure the indebtedness due by the original contractor, Whittle, to the subcontractor, plaintiff, was a fraud on the corporation, and in the present state of the record may be set up by the corporation as well as by a stockholder in behalf of the corporation. It was apart from or beside the general authority of a president or general manager to pay or secure his individual debt by a conveyance of the real property of the corporation, and where the grantee has full knowledge of the fact of such diversion of corporate property in payment of such individual debts, will not be heard here to raise for the first time the question that the answer of the corporation challenging such act was not verified by oath, or to establish its claim that such an act was within the apparent scope of authority of such officer.

■ The presence of the corporation's seal on the document of date June 2, 1923, was only prima facie evidence of the authority of such officer purporting to act for the corporation. And when the whole evidence is considered it rebuts the presumption of Whittle's authority to pay his own debts or discharge his own liability by a transfer or acknowledgment of the lien on the real properties of the defendant corporation.

Counsel for appellee well state the better view of the evidence that: (1) Plaintiff was a subcontractor under Whittle, and (2) has no lien by virtue of the contract of June 2, 1923, for the reason that it was delivered and accepted with the knowledge by the grantee that Whittle thus secured his individual indebtedness to plaintiff without authority of the defendant corporation, or under the statute.

The decree of the circuit court is affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.