153 So. 399

### HUGHES et al. v. SKIDMORE.
### 8 Div. 542.

Supreme Court of Alabama.

March 1, 1934.

Rehearing Denied March 22, 1934.

Travis Williams, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

BROWN, Justice.

This is a bill by appellee, a simple contract creditor, to set aside and annul certain conveyances made by the appellant, Dr. W. P. Hughes, to his wife, Willie Mae Hughes, alleged to have been made to hinder, delay, and defraud the creditor of Dr. Hughes.

The basis of the complainant's claim, asserted by the original bill, is an indebtedness evidenced by a note for $350, alleged to have been executed by one J. A. Taylor and Dr Hughes on January 24, 1929, due and payable twelve months after date, providing for reasonable attorney's fee for collection, and waiving exemptions as to personal property. A copy of the note was attached to and made an exhibit to the bill.

The respondents by their answer denied that Dr. Hughes was in any way indebted to the complainant, and alleged that the "note which purports to have been signed by J. A. Taylor and W. P. Hughes, reciting an indebtedness of $350.00 with interest from date, exhibit 'A' being a copy of said note, respondents aver that the said W. P. Hughes did not sign said note and did not authorize any other person to sign said note for him, and that he does not owe said note and does not owe complainant anything whatsoever. Respondents

charge that the name 'W. P. Hughes' which appears on said note is a forgery, pure and simple, and respondents aver that complainant was advised before this bill was filed that the same was a forgery."

After the testimony was taken in the presence of the court, and the cause was submitted for final decree, the bill was amended by interlining therein, "The respondent W. P. Hughes is further indebted to this complainant in the sum of $150.00 and interest from, towit, January 24, 1929, by his promissory note executed jointly with J. A. Taylor on or about said date, same payable to complainant."

To the bill as amended the respondents refiled their answer, and thereafter the court entered a decree, ascertaining and adjudging that "respondent W. P. Hughes is indebted to the complainant in the sum of $150.00, together with interest thereon from January 24, 1929, aggregating $206.00, and is not further indebted to the complainant"; set aside the conveyances as fraudulent, and ordered the property described in the bill sold for the satisfaction of the indebtedness; hence this appeal.

█ It has been repeatedly ruled that the statute, now section 9471 of the Code of 1923, requiring "pleas which deny the execution by the defendant, his agent or attorney, or partner, of any instrument in writing, the foundation of the suit, or the assignment of the same, or which set forth any instrument in writing, whether under seal or not, which is alleged to be lost or destroyed * * * must be verified by affidavit," applies to suits in equity. Dreyspring, Adm'r v. Loeb, 119 Ala. 282, 24 So. 734; Sulzby v. Palmer, 196 Ala. 645, 70 So. 1; C. G. Kershaw Contracting Co. v. Cascade Corporation of Alabama, 224 Ala. 116, 138 So. 815.

█ The defendants' answer is not sworn to, and while complainant might well have rested his case, in so far as the existence of the alleged indebtedness evidenced by the note of $350 is concerned, on the evidence afforded by the note itself, yet the parties, without objection to the evidence, and the court proceeded on the assumption that the issue as to the nonexecution of the note by Dr. Hughes was presented, and the court seems to have determined this issue against the complainant. Therefore this question is not presented and will not be considered on this appeal. C. G. Kershaw Contracting Co. v. Cascade Corporation of Alabama, supra.

The question to be decided is: Can the decree be upheld on the alleged indebtedness of $150? The testimony offered by complainant goes to show that the only indebtedness contracted with him by Taylor and Hughes was for a loan of $350, made to Taylor as evidenced by the note for that amount of date of January 24, 1929; that Hughes spoke to him about making the loan to Taylor, and thereafter Taylor presented to him the note for the amount purporting to have been signed by Taylor and Hughes; and he let Taylor have the money; that on the following day he showed the note to Hughes and Hughes told him that it was all right; that the note for $350 offered in evidence was just as it was when he first saw it, except that it got wet while he was carrying it on his person; that it bore no evidence of being in any way altered; that he never held a note for $150 against Taylor and Dr. Hughes, or either of them; that the only note he ever held against them was the note for $350.

Hughes testified that, at Taylor's request, he signed a note payable to complainant for $150, to be used in procuring a loan for that amount; that he had no knowledge as to its whereabouts, or what Taylor did with it; that he never saw the note for $350 and did not sign it; that when complainant spoke to him about signing a note with Taylor he had in mind the note for $150.

The note for $150 was not in evidence, and its whereabouts was not accounted for other than as above stated.

The appellee insists that the delivery of the $150 note to Taylor was sufficient to uphold the liability of Dr. Hughes, citing in support of this contention sections 9044 and 9209 of the Code of 1923, and Irvin & Montgomery, Administrators, etc., v. Harris, 182 N. C. 647, 109 S. E. 867.

█ Section 9044 applies only to a conditional or special delivery to the payee, not to an agent for transmission to the payee. Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157.

Section 9209 merely defines delivery to mean a "transfer of possession * * * from one person to another."

Irvin & Montgomery, Administrators, etc., v. Harris, supra, merely holds that "The legal delivery of a note does not alone depend upon giving it to the payee in person, but it may be evidenced by its delivery to another for the payee showing the maker's intent to part with control over it, and that it was for the payee's

benefit in accordance with the terms of the instrument."

Hughes, if liable at all on the $150 note, was liable as surety for Taylor, and the mere affixing of his signature to the note as a surety for Taylor, and leaving the note with Taylor would be ineffective to fix liability on Hughes, unless the note was in some way delivered to the payee, Skidmore. The evidence is without dispute that there was no such delivery.

In the absence of compliance with the provisions of section 5702 of the Code, providing for suits on lost instruments, or proof that the note was delivered to the payee and its contents, there was no basis for the conclusion of the trial court that Hughes was indebted on the $150 note. Parker v. Edwards, 85 Ala. 246, 4 So. 612; Branch Bank at Mobile v. Tillman, 12 Ala. 214; Agee v. Messer-Moore Ins. & Real Estate Co., 165 Ala. 291, 51 So. 829; Tapscott v. Gibson, 129 Ala. 503, 30 So. 23; Mobile County v. Sands, Adm'r, 127 Ala. 493, 29 So. 26.

Our judgment therefore is that the decree of the law and equity court was laid in error, and will be reversed, but in view of the evidence, some of which is not before us—the original signatures to the documentary evidence offered on the trial—a decree will not be here rendered, but the cause will be remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.