# Greene v. Robinson.

*Action to enforce Mechanic's and Material-man's Lien.*

1. *Act to provide a lien for mechanics and material-men, approved February 12, 1891, unconstitutional; mechanic's right enforceable under the provisions of the Code.*—The act approved February 12, 1891, to provide liens for mechanics and material-men, (Acts 1890-91, pp. 578-580), being unconstitutional and void, the law pertaining to mechanics' and material-men's liens remains as it was before the passage of such act; and a mechanic or material-man seeking to enforce his rights, after the passage of such act, must proceed and recover, if he recovers at all, under the provisions of the Code, (Code, 1886, §§ 3018-3048), which was the only valid law in force under which his rights accrued.

2. *Mechanic's and material-man's lien; admissibility of evidence as to the amount due contractor at the time of notice given the owner.*—Under the provisions of section 3026 of the Code, a sub-contractor can only

claim a lien to the extent of the amount of the unpaid balance in the hands of the owner or proprietor, due to the principal contractor at the time notice of such sub-contractor's claim is served upon the owner; and in an action by a sub-contractor, evidence as to the amount due from the owner to the original contractor at the time the plaintiff gave notice of his claim is admissible.

3. *Same; sufficiency of statement of account.*—The statute, (Code, § 3022), which requires for the perfecting of a mechanic's or material-man's lien, "that a just and true account of the demand secured by the lien, after all just credits have been given" must be filed in the office of the judge of probate, does not demand an itemization of the indebtedness; and a statement of the demand filed by the mechanic or material-man, in which he sets out the making of his contract, and then states the balance due for material furnished and labor performed, is sufficient—the defendant having the right when sued to demand a list of the items which compose the sum demanded, and thereby to protect himself from surprise.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. W. FOSTER.

This was a suit brought by G. S. Robinson against the appellants, R. M. Greene and A. M. Bagby, to recover an amount alleged to be due the plaintiff upon a contract with A. M. Bagby for work performed and material furnished on a building owned by R. M. Greene.

The evidence for the plaintiff tended to show that he had peformed work and furnished material on a building owned by R. M. Greene under a contract which he had made with A. M. Bagby, who had contracted with the said Greene to make the improvements on the building; that all the money due the plaintiff on said contract had been paid except the amount sued for.

The plaintiff introduced in evidence, against the objection and exception of the defendants, a notice which he had given R. M. Greene, of his intention to claim a mechanic's and material-man's lien, which notice was in words and figures as follows: "To R. M. Greene. Take notice that I have a claim for labor and material which labor was done upon and material furnished in the altering and repairing your brick store building in the District of Opelika, Alabama, on the corner of Chambers and South Railroad streets now occupied by Weil Brothers, which labor and material was furnished by contract with A. M. Bagby. The amount of my claim is two hundred forty 44-100 dollars, and I hereby

notify you that I look to my lien on said building for the payment of my claim. This the 19th day of November, 1894. G. S. Robinson.''

The plaintiff also introduced in evidence, against the objection and exception of the defendants, a certified copy of the written statement which he filed in the office of the judge of probate, showing the amount of work performed and the amount due thereon, which statement was in words and figures as follows : "The State of Alabama, Lee County. To be filed in the Probate Office, Lee County. I, G. S. Robinson, hereby certify that the following is a true and correct statement of the amount for labor performed and material furnished in the building, altering, repairing and beautifying the brick building on the corner of Chambers street and South Railroad avenue or street fronting forty-eight or fifty feet on the east side of Chambers street and running back along South Railroad avenue or street one hundred and five feet, now occupied by Weil Brothers. The name of the proprietor of said building is Rinaldo M. Greene. A. M. Bagby was the contractor in the altering, building, repairing and beautifying said building and the undersigned was a sub-contractor, and furnished the labor and material as hereinafter set out by contract with said A. M. Bagby. The amount for labor and material for which the undersigned G. S. Robinson claims a lien on the above described building under the acts of the General Assembly of Alabama, approved February 12, 1891, pages, 578, 579 and 580 of the Acts of Alabama–1890 and 1891, is as follows : "A. M. Bagby to G. S. Robinson, Debtor. To balance due for materials and labor $240.44, furnished for the building above described. G. S. Robinson. Sworn to and subscribed before me this 30th day of Nov. 1894. W. C. Robinson, Judge of Probate.''

A. M. Bagby, as a witness for the defendants, testified that all the work done by the plaintiff under his contract with the witness was completed by September 15, 1894, and that after this the witness employed one McCullough to lay a hearth in the building and do work therein, and that this work was performed subsequent to the work done by the plaintiff. The evidence for the plaintiff tended to contradict this evidence.

Upon the further examination of the witness Bagby,

[Greene v. Robinson.]

he was asked to state whether or not the defendant, R. M. Greene, owed him anything on account of said contract after the 16th day of November, 1894. The plaintiff objected to this question. The court sustained the objection, and refused to allow the witness to answer the same, and to this ruling of the court the defendant separately excepted.

In view of the opinion in this case, it is deemed unnecessary to set out at length either the pleadings in the case or the charges which were given. There was judgment for the plaintiff. The judgment entry was as follows: "Issue joined upon the pleadings as shown by the record, thereupon came a jury of good and lawful men, to-wit: D. B. Story, foreman, and eleven others, who being duly sworn and enpannelled according to law, on their oaths say: 'We, the jury, find for the plaintiff, and assess his damages at two hundred and fifty-two and 8-100 dollars. We further find that the plaintiff has a lien upon the building as described in the complaint.' It is therefore considered and adjudged by the court that the plaintiff, G. S. Robinson, have and recover of the defendant the said sum of two hundred and fifty-two and 8-100 dollars, the amount as assessed by the jury, and also the cost of this suit." Then follows a recital of the judgment, adjudging that the plaintiff had a lien upon the brick building involved in this controversy, and that said building be condemned to the satisfaction of the judgment, and ordering the issuance of a writ of *venditioni exponas*. The defendants appeal from this judgment, and assign as error the several rulings of the trial court to which exceptions were reserved.

SAMFORD & SON, for appellants.—The law under which plaintiff below was proceeding was unconstitutional and void, and the failure of the court to give the affirmative charge for the appellant, who was the defendant below, was error.—*Randolph v. Builders & Painters Supply Co.*, 106 Ala. 501.

There is no law to authorize a personal judgment against the owner of the property, R. M. Greene, and in rendering such a judgment the court erred.—*McConnell v. Worns*, 102 Ala. 587; *May & Thomas Hardware Co. v. McConnnell*, 102 Ala. 577.

The court clearly erred in overruling the objection of

the defendant to the notice served by the plaintiff on the defendant, Greene, (among other things said notice failed to state who furnished the labor and material), and also in overruling the objections to the certificate filed by the plaintiff in the probate office. The statute requires the certificate to be filed with the judge of probate to be a "Just and true account of the demand secured by the lien, after all just credits have been given." The so called statement fails to aver that it contains a just and true account "after all just credits have been given."—Code of 1887, § 3022; 1 Amer. & Eng. Encyc. of Law, 313, note.

A. & R. B. Barnes, *contra.*

COLEMAN, J.—The action in this case was instituted by the appellee, Robinson, to recover judgment against A. M. Bagby for materials furnished and labor performed under a contract with him, who had contracted with R. M. Greene, owner or proprietor of a lot and brick building, and to enforce a material-man's and laborer's lien upon the property. It is manifest that the whole proceeding, trial and judgment, were begun and completed under the act of 1890–91, p. 578, which act in its entirety has been declared unconstitutional and void.—*Randolph et al. v. Builders and Painters Supply Co.,* 106 Ala. 501. The view we take of the case renders it wholly unnecessary to consider in detail a question the subject of so much controversy, and that is, as to what pleas were filed by the defendant Greene on the trial. The act of 1890–91, *supra,* having been declared unconstitutional, plaintiff must recover, if he recovers at all, under the provisions of the Code, the only valid law in force, under which the rights of the parties accrued. The complaint shows that Bagby had contracted with Greene to furnish the material and labor for the repair and improvement of the building. Bagby was the original contractor, and the plaintiff's right and lien, whatever they are, arose from his contract with Bagby. The law is very clear that it is only the "unpaid balance in the hands of the owner or proprietor" at the time of notice to him, that can be made subject to plaintiff's claim, and for which a lien can be enforced.—Code of 1886, § 3026. The plaintiff's testimony showed that he gave

notice of his claim on the 19th of November, 1894. It was entirely competent for the defendant Greene to prove, if he could, that nothing was due Bagby at that time. The court erred in excluding evidence to that effect.

If the material furnished and labor performed to build the hearth was an independent contract made with McCullough, and was no part of the contract for repairing and improving the building under which the plaintiff claims, and imposed a distinct and separate liability to a different person, this item of charge could not operate to avoid the statute of limitations of six months. Under the influence of the decision of *Leftwich Lumber Company v. Florence Association*, 104 Ala. 584, we are of opinion the account filed was sufficient. The defendant when sued had the right to demand a list of the items which composed the sum demanded and thereby protect himself from surprise.

It is not clear whether the court intended to render a personal judgment against both the contractor and owner or proprietor. It can be amended *nunc pro tunc* so as to relieve the case of this embarrassment. It may be that the pleadings may be so amended, as to bring plaintiff's demand entirely within the provisions of the Code. We will, therefore, annul the judgment of the circuit court, declaring a lien and condemning the property to sale, and reverse and remand the cause.

Reversed and remanded.