# Selma Sash, Door and Blind Factory v. Stoddard.

*Bill in Equity to enforce Material-man's Lien.*

1. *Mechanic's and material-man's lien; constitutionality of statute.* The statute, approved January 30th, 1860 (Acts of 1859-60, p. 514), giving to mechanics and material-men a lien in certain counties, and which provides that if the claim for material or that of a sub-contractor is presented to the owner within thirty days after the completion of the building and suit is brought thereon within nine months, it is sufficient to give a lien for the entire claim, not exceeding the amount agreed to be paid for the construction and completion of the building, without requiring notice of the claim, in fact or constructively, to be given to the owner, and without regard to the amount due under the contract, is unconstitutional and void. ·

APPEAL from the City Court of Selma, in Equity.
Heard before the Hon. J. W. MABRY.

The facts in this case are sufficiently stated in the opinion. The appeal is prosecuted from a decree sustaining the demurrers interposed to the bill filed by the appellant.

L. E. JEFFRIES, for appellant.

PITTS, PITTS & SAFFOLD, *contra*.

COLEMAN, J.—The appellant filed its bill to enforce a lien for materials furnished, and used in the construction of a dwelling house for Cora L. Stoddard. The

substantial averments show that respondent Stoddard contracted with respondent Norris for the erection and completion by the latter of a dwelling house for the former, for the express sum of $2,348, the completion of the building by the said Norris, according to contract, and the payment to him by the said Stoddard of all the money agreed to be paid,. except a balance of seventy-two dollars. The bill avers that complainant furnished to Norris materials which were used in the erection and cempletion of the building, and that there remained a balance due for materials thus furnished, amounting to three hundred dollars. The bill avers that complainant furnished to respondent Stoddard an itemized statement of the account for materials within thirty days after the completion of the building. The bill does not show, that Stoddard had any notice of complainant's claim, before all the payments were made by her to Norris. The bill prays for the establishment of a lien for materials, and the subjection of the property to sale, etc.

The bill shows that complainant is a sub-contractor, and it is.obvious that relief is not sought under the general law of the Code of 1886 ; sections 3018, 3022, 3026, declaring a lien for materials furnished. We have no doubt the bill was filed under a special act for Dallas county.—(Acts, 1859-60, p. 514). The demurrer to the bill raises the question of the constitutionality of said enactment. The act declares a prior lien in favor of a sub-contractor, to the extent of his claim, not exceeding the entire amount agreed to be paid the original contractor or "master builder," merely upon the presentation of his claim to the owner of the premises within thirty days after the completion of the building, without regard to the terms of the original contract for the construction of. the building, and whether notice of his claim has been given by the material-man or not. There is no provision in the act, which requires notice in fact or constructively, to be given to the owner. It matters not what the terms for the construction of the building may be, nor how much may have been previously paid in good faith on the contract to the original contractor, nor as to the balance that may be due the contractor, nor that the owner has had no notice or knowledge of the claim for materials furnished, or the claim of some sub-contractor. According to the provisions of the act,

if the claims for materials or that of a sub-contractor is presented to the owner within thirty days after the completion of the building, and suit brought within nine months, this is sufficient to give a lien for the entire claim, provided it does not exceed the whole amount agreed to be paid for the construction and completion of the building.

In *Randolph v. Builders & Painters Supply Co.*, 106 Ala. 501, in considering the sixth section of the mechanics' and material-men's statute, (Acts of 1890-91, p. 578), we used the following language : "The 6th section of the act provides, 'That the fact the person performing labor or furnishing materials was not notified in writing not to perform such labor or furnish such materials, by the person in whom the title was invested, at the time such labor was performed or materials furnished, shall be *prima facie* evidence that it was by and with the consent of the owner that such labor was performed and materials furnished.' This is a substantial copy of section 5 of the Minnesota statute of 1887, except that their statute made the failure to enjoin the party not to furnish materials, conclusive evidence that it was done with the consent of the owner. Of this section, the Supreme Court of that State, in *Meyer v. Berlandi, supra,* says : 'Section 5 is also unconstitutional. As liens are an incumbrance upon the owner's property, it is fundamental that they can only be created by his consent or authority. No man can be deprived of his property without his consent, or by due process of law. The basis of a right to enforce a claim, as a lien against property, is the consent of the owner, and it is upon this principle, alone, that laws giving liens to sub-contractors are sustained. The contract of the owner with the contractor is, under the law, the evidence of the authority of the latter to charge the property with liabilities incurred by him in performing his contract.'—*O'Neil v. St. Olaf,* 26 Minn. 329 ; *Laird v. Moonan,* 32 Minn. 358 ; *Eufaula Water Co. v. Addyston Pipe & Steel Co.,* 89 Ala. 555 ; *Copeland v. Kehoe,* 67 Ala. 597. It is not denied, the legislature may establish proper rules of evidence, but not to the extent of depriving one of his property without due process of law ; nor is it denied, that the owner's contract is made under and subject to the provisions of the existing lien law, provided these provi-

sions do not infringe his constitutional rights. But, suppose the owner contracts with another to erect a house, or to do any of the many things for which a lien is given under section two of this act, and he has paid, as required by section two and a half, and the work is not completed, and the contractor who is still under obligation to complete the work, and is liable for not doing so, goes forward to complete it, with labor and materials provided on his own responsibility, without the procurement of the owner, or his having in any way obligated himself for it, having performed his entire obligation under the law to the contractor, sub-contractors and material-men, can it be maintained on any principle of right guaranteed to us, that the owner shall be held liable, without his own consent, for all that is done by the contractor in the completion of his contract? Is he required to notify sub-contractors and material-men in writing, not to come on his premises, and not to aid the contractor in performing his duty? How could he even hold his contractor liable for a breach of his contract, when the latter was able and willing, even, to perform it, if he should notify the contractor's laborers and material-men 'in writing not to perform such labor or furnish such materials?' The section goes too far. It overreaches itself, in an effort to protect the sub-contractors and material-men, at the expense of the owner, and gives them an advantage over him, which is not right or mutual. While the owner should be just toward such parties, they ought to be just to him. The law should not constitute him their guardian, without their request, and hold him liable for things he never engaged to become responsible for by contract, express or implied, in any just or fair sense." See, also, *May v. McConnell*, 102 Ala. 577, 580.

In line with the law as declared by this court, in the foregoing cases, are the following cases in which statutes giving to sub-contractors or material-men similar rights and preferences, were held to be unconstitutional and void : *Palmer v. Tingle* and *Young v. Hardware Co.*, 45 N. E. Rep. (Ohio) 313 ; *Lumber Co. v. Savings Bank*, 77 Mich. 199 ; *Taylor v. Murphy*, 148 Pa. St. 337.

A sub-contractor or material-man, must take notice of the terms and character of the contract between the owner and the original contractor, and the legislature

has no power to authorize a contractor to change the terms of his contract with the owner, and impose additional liabilities upon him and liens upon his land by any agreement with other parties to which the owner was not a party, of which he has no notice, and there is no provision by which he can acquire such notice or information.

The statute is clearly unconstitutional and void.

Affirmed.