# McDonald Stone Co. *v.* Stern & Marx *et al.*

*Bill by Sub-Contractor to Subject Money Due the Contractor from the Owner.*

1. *Statutory notice of subcontractor to owner; what money subject.* The owner of a building who advances a contractor on a contract after having received the statutory notice from a subcontractor or material man who has furnished labor or material, is liable to said sub-contractor for such amounts advanced; notwithstanding the amount advanced was to pay for material necessary for the completion of the building.

2. *Same; unpaid balance.*—A material man or sub-contractor, who gives notice to the owner of his claim, has a lien upon the unpaid balance due the contractor and upon whatever sum may subsequently become due under the contract.

3. *Same; same.*—The fact that there was held by the owner a sufficient amount under the contract due the contractor after the completion of the building to satisfy the claim of the said contractor, had it not been for the intervention of other lienors, does not excuse the owner from said liability.

APPEAL from Chancery Court of Mobile.

Heard before the Hon. Thomas H. Smith.

The original bill in this case was filed by Stern & Marks, against the Mobile Lodge, No. 108, Benevolent and Protective Order of Elks, The D. J. McDonald

Stone Company, S. D. Copeland and Zachary & Zachary and it is alleged in said bill that said Benevolent Order of Elks as owners, had contracted with Zachary & Zachary as contractors, to erect a certain building furnishing material for same on certain premises in the ·City of Mobile for a stipulated amount.  It is further alleged in said bill that the complainant had furnished material and set up said material under a contract with Zachary & Zachary, the original contractors, and had been paid only in part for same and that they had given notice of their lien to the owner, the Benevolent Order of Elks, and that there remained a balance due from said owner in amount $1,231.45 on said contract to Zachary & Zachary, and it is further alleged in said bill that the D. J. McDonald Stone Company and S. D. Copeland had filed mechanics and materialmen's liens for certain amounts similar to complainant.  All of said respondents filed separate cross bills and answers, setting up substantially the same as alleged in the original bill, except the D. J. McDonald Stone Company alleged that at the time it gave its first notice of its sub-contractor's lien to the owner Benevolent Order of Elks, there remained a balance of about $2,500.00 due upon the contract price to which on the completion of the building, contractors would become entitled; and the respondent Mobile Lodge No. 108, Benevolent Protective Order of Elks, set up also in its answer that "at the date upon which the said D. J. McDonald Stone Company gave notice unto the said Lodge that the said Stone Company claimed a lien on the building and lot described in the original bill, the amount and value of the materials and labor neces-· sary to be placed in and upon said building to furnish and complete the same under the contract with said Zachary & Zachary for its erection exceeded $1,300.00.

And to the Elks cross bill the McDoneld Stone Company demurred on the ground that the cross bill shows that money due or to become due on the contract to Zachary & Zachary after the said Stone Company's notice of lien had been given and that the said cross complainant had not elected to declare the contract with Zachary & Zachary forfeited.  All of said demurrers

were overruled by the Chancellor to which ruling the said Stone Company duly excepted.

The facts in the case are all agreed upon and was substantially as alleged in the bill, the cross bills and the answers. The court decreed that each of said lienors were entitled to a *pro rata* share of the balance then in the hands of the owner admitted to be due the contractor. From the rendition of such decree the McDonald Stone Company appeals and assigns the same as error.

GREGORY L. & H. T. SMITH, for appellant.—Cited *Adamson v. Phaner,* 29 N. E. 944; *Wheeler v. Scofield,* 67 N. Y. 314; Section 2723 Code of 1896.

To allow the owner of a building to pay money to a contractor to enable or induce him to carry out the contract, after a notice of a lien was served on said owner would have a tendency to abolish the statute. *Hickman v. Pinkney,* 81 N. Y. 211; *Armstrong v. Tabor,* 12 Pac. 157.

PILLANS, HANAW & PILLANS, *contra.*—If at the time the sub-contractors lien is filed, the building is incomplete, the amount of money necessary to pay for the material to complete the same is not, and will not, become due the contractors.—Sec. 2723, *Green v. Robinson,* 110 Ala. 503; *Mobile St. Ry. Co. v. Turner,* 91 Ala 213; *Phillips Mec. Liens* Sec. 292; Sec. 2734 Code of Ala. 1896.

Only the balance due the contractor after the completion of the building was subject to lien of sub-contractor, Code § 2745; *Lee v. Wimberly,* 102 Ala. 539.

TYSON, J.—It appears from the cross-bill of the owner, The Mobile Lodge No. 108 Benevolent and Protective Order of Elks, to which the demurrer was interposed by The D. J. McDonald Stone Company, that after the McDonald Company had given the owner notice that it claimed a lien as a sub-contractor for the labor and materials furnished the contractor as required by § 2731 of the Code, that the owner advanced to the contractor, as a part of the contract price, a sum of money

more than enough to pay off and discharge the claim of The McDonald Company. This money was advanced, it is alleged, to pay for necessary materials and labor to complete the building which the contractor, under the contract, was bound to furnish and was so appropriated.

After this advance was made, other material men and subcontractors gave notice that they claimed liens, but the amount which became due to the contractor, by reason of the advance to him was wholly insufficient to pay all the lienors.

It is not averred in the cross-bill that the contract contained stipulations authorizing the advance of the money to the contractor. The point made by the demurrer is that The McDonald Stone Company had a lien upon the money paid or advanced to the contractor.

It is first contended by counsel for the Mobile Lodge, the owner, that under the facts alleged, it had the right to make the payment or advancement because there was, *at the* time of the service of the notice, nothing due the contractor—no such sum was *then* due to him payable presently or in the future for the reason that he had not then earned it by completing the building. This contention, if we understand it correctly, is predicated upon the proposition that the statutes only give a lien to material men and subcontractors upon any unpaid balance due the contractor by the owner at the time of the service of the notice.

The logic of this contention would lead to the result that if on the day the notice is served there be nothing actually due the contractor, but on the next day or the next week thereafter, there becomes due to him on the contract a sum of money, the material men or subcontractor would have no lien upon it as an unpaid balance and could not subject it.

In the recent case of *Alabama & Georgia Lumber Company v. Tisdale,* 139 Ala. 250, we passed upon this question. In that case Tisdale, the owner, after notice that plaintiff claimed a lien, made a payment to the contractor. We held that he was liable, and among other things said that "the unpaid balance as used in the statutes means any sum of money which is due when the notice

is given or that may subsequently become due under
the contract to the contractor." Indeed, that case is
decisive of the question here under consideration, unless
it can be said that there is a difference between a payment
and an advance to the contractor.

That what was there said is the correct construction
of the statutes we need, it seems to us, only quote that
provision of § 2731 of the Code, providing for notice to
the owner, which is in this language, viz; "after such no-
tice, any unpaid balance in the hands of the owner or
proprietor shall be held subject to such lien." But it
may be said that *Greene v. Robinson*, 110 Ala. 507, is
opposed to this conclusion. Indeed, that case seems to
be relied on as supporting the contention here made.
It is true the opinion contains the statement that "the
law is very clear that it is only the unpaid balance in the
hands of the owner or proprietor at the time of notice
to him, that can be made subject to plaintiff's claim
and for which a lien can be enforced."

But the question here presented and the one presented
in *Alabama & Georgia Lumber Company v. Tisdale*,
were not involved in that case, *as will* be readily seen
by a reference to the facts and the exception reserved to
the ruling of the trial court brought here for review.
In that case the plaintiff's notice was given on the 19th
day of November, 1894. On the trial the defendant,
owner, offered to prove by the contractor that he owed
him nothing on account of the contract after the 16th
day of November, 1904. The court refused to permit this
to be done. And this was the question that this court
was called upon to decide and it was with respect to
that question that the language quoted above was em-
ployed.

The McDonald Company having a lien, under the
statutes, upon any unpaid balance that may become due
under the contract to the contractor, could the owner
defeat or impair that lien by advancing money upon the

contract to the contractor, without the consent of the lienor and when the contract makes no provision for it? This question must be answered in the negative unless there is some provision to be found in the statutes which authorizes the owner to make such an advance. For clearly, in the absence of some statutory provision, if the contractor ever earned this money by the performance of the contract, which the cross-bill shows he did, there is no way by which it could be discharged of the lien except by the consent of the lienor. To hold otherwise would render it impossible to enforce the statute. Indeed, to permit an owner to advance to a contractor a part of the contract price and to thus defeat the lien of a material man or subcontractor, would confer upon them the power, in every instance, to destroy the purposes of the statutes. If payment may be anticipated and liens destroyed in this way, the statutes may as well be abolished. Where the contractor goes forward with performance under the contract, as here, an advancement of a part of the contract price amounts to no more than a payment to him on account of that performance and can have no greater effect upon the rights of a lienor than a payment to him after he has earned it? In this respect the case does not differ from that of a person upon whom a garnishment is served against the estate of another with whom he may have a contract. Unquestionably, if the party with whom the garnishee has a contract, declines further performance he may set-off against his liability the cost of completing the work, but if the original contractor performs the contract, the garnishee could not escape liability for the full amount of the money which he had advanced or paid after the service of the writ of garnishment. And the mere fact that he might have been damaged by reason of the failure of the defendant to perform his contract, and, therefore, it was desirable to keep the contractor at work, cannot affect the lien created and acquired by the service of the writ.

The case of *Mobile Street Railway v. Turner,* 491 Ala. 213, is relied upon as establishing the right of the owner

in this case to make the payment to the contractor under the circumstances averred in the cross-bill.

In that case, which was a garnishment, the contract contained an express stipulation conferring upon the owner the right to provide, (upon a certain contingency which the uncontradicted answer of the garnishee disclosed had arisen) at the expense of the contractor, all materials and labor necessary to a completion of the building, which expense was to be deducted from the contract price to be paid the contractor. It clearly has no application here.

But it is insisted that the owner was justified in paying this money, although The McDonald Company had a lien upon it, because after its paymnet there would have become due, upon the completion of the building, to the contractor, a sufficient sum to have paid The McDonald Comptny's claim, had not it been for the intervention of other lienors.

There is no pretense that The McDonald Company did any thing which induced the payment here sought to be justified. Its justification is predicated upon § 2744 of the Code. To see that this section does not support the contention, we need only quote it: It reads as follows: "When the lien is sought to be enforced by any person other than the contractor, it shall be the duty of the contractor to defend the suit at his own expense; and after notice of an intention to file a statement of the lien, and pending the suit, the owner or proprietor may withhold from the contractor money sufficient to cover the amount claimed, and the probable cost and expense of suit; and in case of recovery against the owner or proprietor, or his property, he shall be entitled to deduct from the amount owing by him to the contractor the amount of such judgment, costs and expense; and if he shall have settled with the contractor, he shall be entitled to recover from the contractor the amount recovered of. and paid by him; and such recovery may be had in the same court, on motion. on three days' notice."

The demurrer to the cross-bill should have been sustained, instead of being overruled.

In conclusion it may be well to say for the guidance of the chancellor on a final hearing that, upon the evidence adduced, the balance now in the hands of the owner admitted to be due the contractor, should be *pro rated* among the several lienors, and after deducting the sum *pro rata* to The McDonald Company from the amount found to be due to that company, it will be entitled to have a lien declared upon the property of the owner in its favor for the unpaid balance of its claim. All the lienors have a lien upon the balance admitted to be due the contractor, but none of them except the McDonald Company are effected by the advancement or pre-payment made to the contractor. This advancement or pre-payment was good against all except The McDonald Company because made in good faith before notice of their liens were given. As to that company the advancement or pre-payment being unwarranted the owner must be regarded as still owing to the contractor at least so much of the amount advanced as will satisfy the balance that may be found due by the contractor to The McDonald Company after allowing a credit for whatever sum may be *pro rated* to it out of the money on hand.

The decree overruling the demurrer to the cross-bill will be reversed and one will be here rendered sustaining it.

Reversed and rendered.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.