[Cranford Mercantile Co. v. Wells, et al.]

# Cranford Mercantile Co. *v.* Wells, *et al.*

### Assumpsit.

(Decided January 13, 1916.   70 South. 666.)

**1. Mechanics' Lien; Non Performance by Contractor; Completion by owner.**—Where an owner entered into a contract providing that the contractor was to furnish the materials and build a house, and the contractor failed to perform, and the owner, proceeding under a stipulation of the contract completed the work and expended any balance thereon that would thereafter have been due to the contractor, had he completed the work, had a right to do so as against the lienor, although previous notice of the materialman's claim had been given the owner; and this right he had notwithstanding the provision of § 4762, Code 1907.

**2. Same; Enforcement; Plea.**—Where the owner after the contractor's failure had completed the work, and the materialman sought to enforce his lien against the owner, a plea setting up the contract between owner and contractor and alleging that before notice from the materialman the contractor had abandoned the work, and that the owner completed the work, and that the necessary and reasonable cost of completing the work was in excess of the amount agreed to be paid to the contractor, was good as against a demurrer in that it did not sufficiently show that the reasonable cost of completing the work, added to the amount already paid the contractor, was equal to the total amount provided for in the contract.

**3. Same; Notice; Effect.**—Notwithstanding the provision of § 4762, Code 1907, the materialman must take notice of the terms and character of the contract between the contractor and owner, and, after notice, the contract cannot be changed to the prejudice of anyone having a legal interest in it, either as owner, contractor or materialman; and the contractor and the owner had the right to contract that the percentage not earned until completion might be used in completing the building on breach of the contract.

**4. Same; Action Against Contractor.**—In such a case the only recourse a materialman has is an action against the contractor.

**5. Same; Pleading.**—Where a special replication in such an action amounted to a general replication which was also filed, denying the allegation of the special plea and asserting that if the owner got more than her money's worth by the contract, the difference must be applied in satisfaction of the materialman's claim, the plaintiff had the full benefit of his denial in his general replication.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by the Cranford Mercantile Company against Mrs. W. T. Wells and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The following are the pleas referred to: (4) That by the terms of the contract under which the building mentioned in the complaint was erected by the said Smith the said Smith was to furnish materials and complete the building at his own expense for the sum of to wit, $2,400, by a specified time, to wit, September 1, 1910, and in said contract it was provided that, if said contractor at any time during the progress of the work thereon refused to supply sufficiency of workmen or material, or caused the delay or the suspension of the work, or refused to comply with any of the articles or provisions of the said contract, then and in either event the defendant Mrs. W. T. Wells should have the right and power to enter upon and take possession of said premises and provide material and workmen sufficient to finish said work, and the expense of finishing said work should be deducted from the contract price, and this defendant says that at the time of the service upon her of the notice in said complaint mentioned the said contractor, Smith, had broken his said contract, and had abandoned and ceased to work on the said building, and said building had not then been finished, and the defendant Mrs. W. T. Wells, after such failure for the period aforesaid, took charge and control of the work and building aforesaid and completed the same, and the necessary, fair, and reasonable cost of completing the said building, under the terms of said contract, was largely in excess of the amount agreed to be paid to the said Smith as aforesaid, and this defendant paid the said cost for the completion of the said building. This defendant says she did not owe the said Smith anything at the time of the service of the said notice, under said contract, and that she is not liable to the said plaintiff, and the plaintiff has no lien on the property mentioned in the said complaint.

(8) This defendant entered into a contract with Joe C. Smith to build her a house as alleged in the complaint. One of the terms of said contract was that this defendant was to retain 20 per cent. out of the contract price until the building was completed to secure the completion of same. By the terms of said contract, if the said Smith failed to complete the contract, according to the terms thereof, this defendant was to use said money so retained in the completion of said house. The defendant Mrs. W. T. Wells says that said Smith did fail to complete said house in accordance with the terms of said contract and quit work on

the same before the said contract was completed, and this defendant did take said money so retained and completed said building according to the terms of said contract, and this defendant says that it took more money to complete said building according to the terms of said contract than 20 per cent. so retained out of said contract price. Defendant avers further that the said Joe C. Smith so abandoned and quit said contract before any notice was given this defendant by the plaintiff that the plaintiff claimed a lien on said house.

The following are the replications filed to pleas 4, 7, and 8:
(2) Plaintiff says that at the time Smith quit work on the house of Mrs. Wells that there was due him by said Mrs. Wells $500, which Mrs. Wells had retained under said contract with said Smith, and plaintiff says said amount has never been paid by Mrs. Wells.

(3) Plaintiff says that at the time said Smith quit work on Mrs. Wells' house he had spent more in work and material than the amount paid him for the same, and that said Mrs. Wells took charge of the work and excluded Smith therefrom, and an agreement was made by which Mrs. Wells should retain and keep 20 per cent. of the contract price which had been retained by her. Plaintiff says that said agreement for Mrs. Wells to keep said 20 per cent. was without consideration, and that the said amount, to wit $500, is still due by Mrs. Wells to said Smith.

(4) Plaintiff says that at the time of Mrs. Wells taking charge of the completion of said house said Smith had expended in labor and material a sum equal to both the amounts that had been paid to said Smith for said work and material and the amount due plaintiff for materials used in said house, and that Mrs. Wells has not paid Smith the fair reasonable, and necessary cost for the work done and the materials furnished in the building of said house up to the time that Mrs. Wells took charge of the same, and that she is indebted to the said Smith for the balance over.

BANKHEAD & BANKHEAD, for appellant. RAY & COONER, and J. D. ACUFF, for appellee.

SAYRE, J.—(1) Errors are assigned upon the action of the trial court in overruling plaintiff's (appellant's) demurrers to

pleas numbered 4 and 8, and in sustaining defendant's demurrers to replications 2, 3, and 4, filed in reply to various pleas. These pleas and replications will be set out in the report. It appears from the complaint that defendant Mrs. Wells entered into a contract with one Smith by which he was to furnish materials and build a home for her. Plaintiff had furnished materials to Smith in order to enable him to execute his contract, and sought judgment against Mrs. Wells and a lien by virtue of section 4762 of the Code, which, to state its effect with reference to the facts and needs of this case, provides that, if a materialman who has furnished material to a contractor shall give notice in writing to the owner, he shall have a lien upon any unpaid balance in the hands of the owner after such notice.

The question presented is this: Whether, after the contractor had breached his contract and abandoned the work, and after notice of the materialman's claim, the owner, proceeding under a stipulation of the contract made for just that emergency, had the right, as against the materialman's claim, to expend in the completion of the work any balance that would thereafter have become due to the contractor had he continued the work and completed the building according to contract. This question has been settled against the plaintiff in our cases of *Alabama & Georgia Lumber Co. v. Tisdale,* 139 Ala. 250, 36 South. 618, and *McDonald Stone Co. v. Stern & Marx,* 142 Ala. 506, 38 South. 643.

There are expressions used in the court's argument of the case first above named that would seem on casual reading to lend color to plaintiff's contention; but in the more recent case, *McDonald Stone Co. v. Stern & Marx,* the court, speaking through the same justice, made it clear that the judgment in the first case had been determined by the fact that the owner, after notice of the materialman's claim, had made payment to the original contractor. And in the first case the court had said that: "Doubtless, if the owner should proceed with the improvement, expending what the contractor would have been entitled to had he not abandoned the contract, his property could not be subjected"—citing 43 Am. St. Rep. 903.

This view was repeated in the last-named case.

(2) Plea 4, after setting forth the substance of the contract, alleged that before service of the notice the contractor had aban-

doned his contract and ceased work upon the building then unfinished, and that defendant owner "took charge and control of the work and building aforesaid and completed the same, and the necessary, fair, and reasonable cost of completing the said building, under the terms of said contract, was largely in excess of the amount agreed to be paid to the said Smith as aforesaid, and this defendant paid the said cost for the completion of said building." This language of the plea refutes the only ground of demurrer here urged against it, which has been thus formulated in the brief: The plea does not sufficiently show that the reasonable cost of completing the work, added to the amount already paid Smith, was equal to the total amount provided for in the contract.

(3, 4) Plea 8, setting forth the contractor's breach of the contract and abandonment of the work, before plaintiff's notice, alleged that defendant owner, acting under a stipulation of the contract, in substance set out, had retained 20 per cent. of the contract price, and had used this money in completing the building, and that "it took more money to complete said building according to the terms of said contract than the 20 per cent. so retained." The argument of the demurrer is a good deal more definite in its statement of supposed faults in this plea than is the demurrer found in the record. But neither is well taken. By his notice the subcontractor or materialman acquires the right to subject any unpaid balance due—that is, earned—at the time or any sum of money that may subsequently become due to the contractor under his contract. The subcontractor or materialman must take notice of the terms and character of the contract between the owner and the original contractor, and after notice the contract cannot be changed to the prejudice of any one having a legal interest in it, owner, original contractor, subcontractor, or materialman.—*Selma Sash, Door & Blind Factory v. Stoddard*, 116 Ala. 251, 22 South. 555. But it is a mistake to assume that the owner, on the facts shown by this record, entered into any new contract to the materialman's prejudice. The original parties had a constitutional right to contract on the terms shown, by which the 20 per cent. was not earned until the building should be completed; no fraud or collusion is alleged; the original contractor breached and abandoned his contract, a thing the owner could not prevent; thereupon the owner used the unpaid,

but unearned balance in the completion of the building as the original contract provided; in this the owner affected no right of the materialman; the materialman's only legal recourse is against the contractor. The demurrer took no tenable point against the plea, and there was no error in the court's ruling.

(5) Keeping in mind the foregoing principles, which have been settled by the reason and authority of our cases, it appears that the special replications filed amounted in fact to the general replication, also pleaded, denying the allegations of the several special pleas, or they were intended to assert the proposition that, if the owner by her contract got more than her money's worth, the difference must be applied in satisfaction of the materialman's claim. In the first case, the plaintiff had full benefit of his denial in the general replication; in the second, the special replications were bad for the reason that they denied to the owner the full benefit of a contract she had a perfect right to make.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.