(76 South. 432)

## DOTHAN GROCERY CO. v. H. L. WOFFORD & SON (WHATLEY BROS. & CHAMBLISS, Garnishee).
### (4 Div. 710.)

(Supreme Court of Alabama. May 17, 1917. Rehearing Denied June 21, 1917.)

GARNISHMENT ☜116—LIABILITY FOR MONEY ADVANCED TO EMPLOYÉ.

Where at the time of the service of the garnishment garnishee had a valid contract under which defendant without advancements was to do the roadwork which the garnishee had contracted to do for the county, the garnishee was liable to plaintiff for money advanced to defendant, in view of Code 1907, § 2948, creating a lien from the time of service.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by the Dothan Grocery Company against H. L. Wofford & Son, defendants, and Whatley Bros. & Chambliss, garnishees. From a judgment discharging the garnishees, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and rendered.

Appellant, Dothan Grocery Company, sued H. L. Wofford & Son in the circuit court of Houston county, and recovered a judgment against the partnership, and against the individual members of the partnership, in the sum of $572. Appellants sued out a writ of garnishment against the appellees, Whatley Bros. & Chambliss, in aid of said pending suit, to enforce the collection of its judgment. The garnishees (appellees) answered not indebted to defendants. Plaintiff filed its contest of the answer of the garnishees, and this contest was tried out before the court without a jury. The proof in this case showed that at the time Whatley was served with the writ of garnishment the defendant Wofford was employed by and worked with him under a contract for building good roads in Henry county. The garnishee at the time this writ of garnishment was served on him had a contract with Henry county for building good roads; and the garnishee and defendant had a contract between themselves under the terms of which the defendant Wofford was to do road-building for the garnishee; Whatley, the garnishee, to receive the compensation for defendant's work from Henry county, and pay it over to the defendant, less 10 per cent. This contract was in force between the garnishee and defendant at the time the writ of garnishment was served; and under the terms of this contract, and after the service of the garnishment writ, the garnishee paid to the defendant Wofford, or for him, more than $2,000. After the writ of garnishment was served, the defendant continued to work with the garnishee under the contract in force at the time of the garnishment, and for the work and labor done by the defendant with the garnishee, under the terms of said contract, the above-stated sum was expended by the garnishee.

The garnishee testified that he had no agreement prior to said garnishment by which he was to advance the defendant anything, but that after the garnishment it was necessary for him to pay defendant, or advance for him, the said sum of $2,000, in order to prevent the work, under the terms of his contract, on the roads from stopping. The day after the garnishment was served on the garnishee Whatley, the defendant received $771.30 for work that he (defendant) had done, and the garnishee paid the Dothan National Bank $554.04 of this amount on a note that the defendant owed at the bank at that time. The garnishment writ was served on August 12, 1915, and on September 27, 1915, the defendant received $1,437.03 from Henry county for work that he "did under the contract that I had with the county." The garnishee paid W. W. Camp $662.15 of this amount. The garnishee paid said sum to Camp instead of paying it to Wofford, Camp having advanced to defendant at the instance of the garnishee.

Farmer & Farmer, of Dothan, for appellant. W. R. Chapman, of Dothan, for appellees.

GARDNER, J. This appeal is from the judgment of the circuit court of Houston county, sitting without a jury, discharging the garnishee upon a hearing on a contest of the garnishee's answer on file. The statement of the case sufficiently discloses the contract which the garnishee Whatley had with the judgment debtor, Wofford.

Counsel for appellees in his brief states that the principal question presented on this appeal is:

"Could Whatley, after the service of the writ of garnishment and without liability to the plaintiff, make advances of absolute necessities to Wofford?"

The service of the garnishment writ created a lien in favor of the plaintiff by the express terms of the statute. Section 2948, Code 1907.

"The lien therefore attaches to any debt of the garnishee to the defendant owing at the time of the service, or at the time of the answer, or becoming due at any time between the service and the answer or the contest thereof, or in the future, under a contract existing at the time of the service or answer." Henry v. McNamara, 114 Ala. 107, 22 South. 428.

The evidence is without dispute that at the time of the service of the garnishment the garnishee Whatley had a valid and binding

contract with the defendant Wofford for said roadwork for Henry county. Whatley, the garnishee, having the original contract with the county, then entered into a contract with the defendant by which the defendant Wofford was to do the work for the garnishee; the latter to receive the money from the county, and pay the defendant out of the proceeds, less 10 per cent. which the garnishee was to retain for himself.

The proof shows without dispute that there was no agreement prior to the garnishment that the garnishee was to make any advancements to the 'defendant to carry on the work, but that, after the garnishment, he considered it necessary to advance the defendant certain sums in order that the work might go on.

In Archer v. People's Savings Bank, 88 Ala. 249, 7 South. 53, the court said:

"If the garnishee at the time of the service of the garnishment, or at the time of making the answer, or at any time intervening between these two periods, was indebted to the defendant Whiting, or if there was then existing a valid and binding contract by which such indebtedness would accrue in the future, this debt, unless exempted from legal process, was subject to garnishment, and the garnishing creditor would obtain a lien on it from the time of the service of the summons on the garnishee. Code 1876, §§ 3268, 3269; Code 1886, §§ 2945, 2946. The test must be, as uniformly and many times settled, whether the bank, as garnishee, owed the defendant such a money demand as could justly have been the basis of a recovery in an action of debt, or indebitatus assumpsit.

"If such a contract existed for a definite time, not by its terms dissolvable at the pleasure of one or both parties. it is perfectly manifest that no change or modification could be made in the terms of such contract, so as in any manner to destroy the acquired lien of the garnishing creditor, or otherwise prejudice his rights. * * * And if any part of the garnished debt was paid by the garnishee to the debtor in attachment during the pendency of the garnishment proceeding, such payment was at the risk of the garnishee, and can avail nothing against the garnishing creditor, if he is ultimately held liable on his answer. Skipper v. Foster, 29 Ala. 330 [65 Am. Dec. 405]; Drake on Attach. (6th Ed.) §§ 452, 453."

In Fowler v. Williamson, 52 Ala. 16, it was held that a garnishee could not be permitte'd to escape liability under the garnishment by rescinding a contract by which he became indebted to the defendant in attachment or judgment any more than by the payment of the debt to such defendant after service of the garnishment.

The case of McDonald Stone Co. v. Stern-Marx, 142 Ala. 506, 38 South. 643, involve'd the question of mechanics' and materialmen's liens, but the opinion discloses a close analogy between the question there presented and that here involved of the lien created by the garnishment writ. The following language of the opinion we consider here pertinent:

"Where the contractor goes forward with performance under the contract, as here, an advancement of a part of the contract price amounts to no more than a payment to him on account of that performance, and can have no greater effect upon the rights of a lienor than a payment to him after he has earned it. In this respect the case does not differ from that of a person upon whom a garnishment is served against the estate of another with whom he may have a contract. Unquestionably, if the party with whom the garnishee has a contract, declines further performance, he may set off against his liability the cost of completing the work, but if the original contractor performs the contract, the garnishee could not escape liability for the full amount of the money which he had advanced or paid after the service of the writ of, garnishment. And the mere fact that he might have been damaged by reason of the failure of the defendant to perform his contract, and therefore it was desirable to keep the contractor at work, cannot affect the lien created and acquired by the service of the writ."

The opinion in the McDonald Case also directs attention to the fact that in the case of Mobile Street Ry. v. Turner, 91 Ala. 213, 8 South. 684, the contract between the parties contained an express stipulation conferring upon the owner the right to provi'de, upon a certain contingency, at the expense of the contractor, all materials and labor necessary to a completion of the building, which expense was to be deducted from the contract price. Here we have no such situation. The contract as originally entered into and in force at the time of the service of the garnishment writ contained no such provisions, and, as said in the case of Archer v. People's Savings Bank, supra, it is manifest "that no change or mo'dification could be made in the terms of such contract so as in any manner to destroy the acquired lien of the garnishing creditor, or otherwise prejudice his rights."

We are of the opinion that the garnishee made the payments to the judgment debtor at his own risk, and that, under the authorities in this state, he must be held liable un'der the uncontradicted evidence in the case.

We are cited by counsel for appellees to the case of Allen v. Woodruff, 2 Ala. App. 415, 56 South. 247, but that case is not at all analogous to this, and in no manner out of harmony with the conclusion we have here reached.

It results, therefore, from what we have here said, that, in our opinion, the court was in error in discharging the garnishees, and the judgment will be reversed, and one here rendered in favor of the plaintiff against the garnishees for the amount of said judgment indebtedness.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, and SAYRE, JJ., concur.