(108 So. 345)

### BALDWIN v. CONSTANTINE. (6 Div. 668.)

(Supreme Court of Alabama. April 22, 1926.)

**1. Interpleader ⬚21—Complainant need not tender money into court when filing bill in na- ture of interpleader against numerous claim- ants of mechanics' liens (Code 1923, § 8854).**

Complainant need not tender money into court when filing bill in nature of interpleader against numerous claimants of mechanics' liens, none of whom have preference or priority un- der Code 1923, § 8854.

**2. Fraudulent conveyances ⬚124 — Procure- ment of default judgment by one of several claimants .of mechanics' liens held not to give preference (Code 1923, § 8854).**

Procurement of default judgment by one of several claimants of mechanics' liens held not to give· preference, in violation of Code 1923, § 8854, where other claimants and owner were prevented from knowing of pendency of suit.

**3. Interpleader ⬚32—Owner may by bill in na- ture of interpleader against all claimants of mechanics' liens have all liens and incum- brances against him arising out of transac- tion canceled.**

Owner may by bill in nature of interpleader against all claimants of mechanics' liens have all liens and incumbrances against him arising out of transaction canceled.

**4. Equity ⬚148(3)—Bill in nature of inter- pleader against claimants of mechanics' liens, requiring them to propound their claims, and asking affirmative relief against one who had obtained default judgment, held not multifari- ous (Code 1923, § 6526).**

Bill in nature of interpleader against claim- ants of mechanics' liens to require them to pro- pound their claims, and asking affirmative relief against one who obtained default judgment against complainant, who had no knowledge of pendency of such suit, held not multifarious, in view of Code 1923, § 6526.

Appeal from Circuit Court, Jefferson Coun- ty; W. M. Walker, Judge.

Bill in equity by H. H. Constantine against J. F. Baldwin and others. From a decree overruling his demurrer to the bill, the named defendant appeals. Affirmed.

It is alleged in the bill that defendant, Baldwin, with knowledge of the pendency of a suit by another of the defendants seek- ing to fasten a lien upon the fund, and know- ing complainant's address, filed a suit at law to fix a lien on said fund and consciously failed to state the address of complainant in affidavit for attachment, so that complainant and claimants would not know of the penden- cy of his suit and thereby establish his claim ahead of others; and that said Baldwin did obtain a judgment by default, and, pur- suant to an execution issued on said judg- ment, property of complainant was sold and purchased by said Baldwin.

The prayer is that the defendants be re- quired to come into court and propound their claims to the fund in question, and that Bald- win be required to convey to complainant any right or title acquired by him to com- plainant's property by virtue of said pur- chase.

Matthews & Morrow, of Birmingham, for appellant.

In a bill to redeem, a sufficient reason must be averred for failure to make tender of the amount necessary. Wootten v. Vaughn, 202 Ala. 684, 81 So. 662. When, knowing his rights, a person takes no step to enforce them until other equities have intervened, the de- lay becomes inequitable and operates as an estoppel. 10 R. C. L. "Equity," § 143. If fraud is relied upon to relieve against a judg- ment, specific facts constituting the fraud

---

must be set forth. 34 C. J. "Judgment," § 772.

Nesbit & Sadler, of Birmingham, for appellee.

All claimants to the fund in question must be upon the same footing. Code 1923, § 8854; McDonald v. Stern, 142 Ala. 506, 38 So. 643; Hagan v. Riddle Co., 209 Ala. 606, 96 So. 863. The bill has equity. Enterprise Co. v. First Nat. Bank, 181 Ala. 388, 1 So. 930; Lapenta v. Lettieri, 72 Conn. 377, 44 A. 730, 77 Am. St. Rep. 315; Newhall v. Kastens, 70 Ill. 156; Illingworth v. Rowe, 52 N. J. Eq. 360, 28 A. 456; 2 Story, Eq. Jur. (14th Ed.) § 1140; 4 Pomeroy (14th Ed.) § 1481.

ANDERSON, C. J. The appellee, as owner of a house and lot, filed this bill of interpleader or in the nature of an interpleader against numerous claimants of a mechanic's lien and none of whom being the original contractor could have preference or priority under the terms of section 8854 of the Code of 1923. The bill admits a balance due, and offers to bring it into court, and prays for an adjustment between the different claimants thereto and for a discharge. The equity of such a bill is well recognized by the leading text-writers as well as by many decisions of the appellate courts. 4 Pomeroy (3d Ed.) § 1320, p. 2634; Story's Equity (14th Ed.) vol. 2, § 1140; McDonald Co. v. Stern, 142 Ala. 506, 38 So. 643; Hagan v. Riddle, 209 Ala. 606, 96 So. 863; Lapenta v. Lettieri, 72 Conn. 377, 44 A. 730, 77 Am. St. Rep. 315; Newhall v. Kastens, 70 Ill. 156; and Illingworth v. Rowe, 52 N. J. Eq. 360, 28 A. 456.

[1] The bill is in no sense one to redeem, and the complainant did not have to tender the money into court, as a court of equity can compel the deposit of the fund as a condition precedent to the relief sought.

[2, 3] We do not think that the procurement of the judgment by Baldwin, under the circumstances outlined in the bill of complaint, could operate to give him a preference over other claimants of the same class in violation of section 8854 of the Code, and it seems that the complainant, in a bill in the nature of an interpleader, has a right to seek affirmative relief. That is, not only may the court of equity settle the matter between the rival claimants, but cancel all liens or incumbrances against him arising out of the transaction. Illingworth v. Rowe, supra.

[4] Nor does this render the bill multifarious. Section 6526 of the Code of 1923.

The demurrer to the bill of complaint as amended was properly overruled, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.