(122 So. 343)

▮

**RICHARDSON LUMBER CO. v. HOWELL et al. (8 Div. 62.)**

Supreme Court of Alabama. May 9, 1929.

Kirk & Rather, of Tuscumbia, for appellant.

**330**

. Mitchell & Hughston, of Florence, for appellees.

THOMAS, J. There is equity in the bill in the effort to enforce the materialman's lien on several houses and lots, the subject of one contract. There is averred the required unity of contract to furnish the material for the erection of the several houses of respondents on their lands, and the satisfaction sought is out of the alleged unpaid balance due by the owners when they received the required notices. In Wade v. Wyker, 171 Ala. 466, 55 So. 141, the effort was to subject an unpaid balance due by the owner to the contractor, as was the purpose of this suit, and it is there observed that such a bill afforded "interlacing of rights, and consequently remedy, as to necessitate the joinder of the separate liens in one bill for their enforcement." College Court Realty Co. v. J. C. Letcher Lumber Co., 201 Ala. 362, 78 So. 218.

However, the claims filed in the probate office in Code form (section 8832) were collectively, under the one contract for the buildings and material furnished and employed therein, and against each house and lot to meet the requirements of the proof as to the several lots. College Court Realty Co. v. J. C. Letcher Lumber Co., supra; Cook v. Rome Brick Co., 98 Ala. 409, 12 So. 918; Johnson v. Simmons et al., 123 Ala. 564, 26 So. 650; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276.

The decree of the court would necessarily conform to the rulings here that only material that went into a particular house was charged as a lien thereon, and that only the specific balance due to contractors by the owner on a designated and separate structure could be thus intercepted and subjected. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The fact of the contract is averred; this is sufficient under the statute made for the protection of laborers, contractors, and materialmen not immediate parties to the original contract.

When the bill and its pleading are considered together as one, and as must be done, full compliance with the statute is shown as to the amounts, lots, and notices given. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

Though the date of filing of the statements is not shown by the exhibits, this is supplied by the specific averment in complainant's bill that they were filed in the probate office within "four months after the indebtedness (had) accrued." It is not possible to make the allegation more definite.

The averment in perfecting the lien states the contract under which the alleged materials were procured and furnished, the just and true account of the demand secured by the lien after all just credits are given, describes the property as required, states the amount that has accrued, due and unpaid, and is a sufficient statement of the claim and a substantial compliance with the statute. The defendants had the right, when sued, to demand a list of the items composing the sum sought to be collected, and were thereby protected from surprise when the proof was offered as to the respective houses, lots, and materials furnished for the improvements thereon. Greene v. Robinson, 110 Ala. 503, 20 So. 65; Ala. State Fair & Agricultural Ass'n v. Alabama Gas Fix. & Plumb. Co., 131 Ala. 262, 31 So. 26; Ala. & Ga. Lumber Co. v. Tisdale, 139 Ala. 256, 36 So. 618. This was sufficient, after due notice, to subject any unpaid balance due the contractor or to become due under the contract in the hands of the owner or proprietor that is "subject to such lien" under the contract and statute. Dothan Groc. Co. v. H. L. Wofford & Son, 200 Ala. 490, 76 So. 432; Cranford Mercantile Co. v. Wells, 195 Ala. 251, 254, 70 So. 666; McDonald Stone Co. v. Stern & Marx, 142 Ala. 506, 38 So. 643.

There is no merit in the grounds of demurrer for nonjoinder of parties. It does not appear from the record that the contractor executed a bond for the faithful performance of the contract, nor is it shown that there were other creditors of Howell & Graves who had given notice or perfected their claims or liens upon the property in question, or any part thereof. If such claims and security were given, by due pleading and process they may be brought in and liability, priorities, or proration of the fund duly declared and safeguarded in the one decree to be rendered. Sturdavant v. First Avenue Coal, etc., Co., ante, p. 303, 122 So. 178.

The ground of demurrer that the description of the lots by numbers and plats is insufficient is not borne out by inspection of the record. The description employed is sufficient to enable a person familiar with the locality to identify the property, though the aid of the map may be resorted to and to which recourse may be had under the pleading. Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; Bedsole v. Peters, 79 Ala. 133, 136; Vesuvius Lumber Co. v. Ala. Fidelity, etc., Co., 203 Ala. 93, 82 So. 107.

The ground of demurrer—"It does not appear as a matter of law that complainant has or can have any lien on the lots in question"—presents the construction of the two statutes, sections 8832, 8840. A cardinal rule of statutory construction or interpretation is to arrive at the legislative intent and in this effort look to the object of the enactment against which it was intended to provide, the defect to be supplied, and the mischief thus sought to be prevented, averted, or ameliorated. Cocciola v. Wood-Dickerson Sup. Co., 136 Ala. 532, 33 So. 856; Thompson v. State, 20 Ala. 54; Huffman v. State, 29 Ala. 40, 43.

Did section 8840 of the Code, providing that "every person, except the original contractor, who may wish to avail himself of the provisions of this article, shall before filing his statement in the office of the judge of probate, give notice in writing to the owner or proprietor, or his agent, that he claims a lien on such building or improvement, setting forth the amount thereof, for what, and from whom it is owing; and after such notice, any unpaid balance in the hands of the owner or proprietor shall be held subject to such lien. But the provisions of this section shall not apply to the case of any material furnished for such building or improvement, of which the owner was notified in advance as provided in § 8832," deny or restrict the materialman's right to proceed against the land on which the building or improvement is situated for balance due?

The quære of appellant's counsel is well made: "Was it the legislative intention to give the contractor more security than was intended to be given the materialman who might be forced to resort to a lien for" the payment of his claim and debt incurred or made in the improvement of the property? In answer we may say that the limitation as to the amount that may be collected by way of the lien applied to "any unpaid balance in the hands of the owner or proprietor, held subject to such lien." The sum due at and after notice may not be held by the owner, and the materialman may have to resort, under his lien, to collect such sum due him by a sale of the property under the statute. Sections 8832, 8834, Code.

The analogy found in Cranford Merc. Co. v. Wells, 195 Ala. 251, 70 So. 666; McDonald-Stone Co. v. Stern & Marx, 142 Ala. 506, 38 So. 643; Ala. & Ga. L. Co. v. Tisdale, 139 Ala. 250, 36 So. 618; Selma Sash, Door & Blind Factory v. Stoddard, 116 Ala. 251, 22 So. 555; Greene v. Robinson, 110 Ala. 503, 20 So. 65, supports this view. And the sum due may be prorated among several lienors, if brought in by proper pleading. McDonald Stone Co. v. Stern & Marx, 142 Ala. 506, 513, 38 So. 643.

The fair import of the bill and its exhibits —notices served upon the owners, Howell & Graves, the verified statement of the claim filed within the time in the probate office— shows that complainant is not seeking more than a lien on the improved real property for a sum measured by the balance due or to become due under the original contract to the contractors, at the time of the giving of required notice. The bill alleges "there was an unpaid balance due" by the owners under the original contract for a greater amount "than the claim of complainant against Ward & Titus for material and supplies furnished said Ward & Titus and used in the construction and erection of the buildings upon the prop-

erty of Howell & Graves in Muscle Shoals Center Subdivision No. 10 and 11 in the Town of Muscle Shoals, Colbert County, Alabama.

"Complainant is informed and believes and on such information and belief alleges the fact to be that Ward & Titus have completed the erection and construction of said houses as provided in their said contract with Howell & Graves and have obtained a certificate of completion from Harry J. Frahn Company, Inc., as architect."

This was sufficient to fully inform the defendant. Heflin v. Heflin, 208 Ala. 69, 72, 93 So. 719. If that balance in the hands of the owners was insufficient or subject to be prorated with other lienholders, the same was matter of defense. Baldwin v. Constantine, 214 Ala. 446, 108 So. 345. The fact that notice was given in writing to the owners, that lien claimed on the several lots and houses was the gross sum indicated the total of all the claims, and later the claim filed—the statement in writing in Code form—for the amount of all the claims, and at the same time filing claims against each house and lot separately, will not prejudice complainant's right to enforce its lien against each house separately.

In the case of College Court Realty Co. v. J. C. Letcher Lumber Co., 201 Ala. 362, 78 So. 218, the court said:

"The amount and value of the material that went into each house was ascertained, and was sufficiently specified in the claims filed in the Probate Court; and it does not defeat the lien that this amount or value going into each house was not ascertained at the time the sale of the lumber was agreed upon. It was so ascertained before there was any attempt to enforce the lien, and the claim filed in the Probate office fully met the requirements of the statute. * * *

"We are not willing to hold that, in order for the lien to arise against each of the several lots or buildings, the original contract of sale should fix the exact amount which was to go into, or to be used in, the several buildings, where the sale of material is in gross for several houses, but hold that it is sufficient if it is thereafter ascertained what was used upon or put into each separate house or lot, and the claim and account is made as to each house or lot separately, and the claim therefor is filed in the Probate Court within the time required, and in the manner and form specified, by the statute."

We find no ground of demurrer on which the affirmance may be rested. Judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and FOSTER, JJ., concur.