(128 So. 451)

## BUTLER v. HAWK.

### 6 Div. 573.

Supreme Court of Alabama.

April 17, 1930.

Rehearing Denied June 5, 1930.

J. Reese Murray, of Birmingham, for appellant.

London, Yancey & Brower and Al G. Rives, all of Birmingham, for appellee.

THOMAS, J.

The suit was under the statute for mechanic's and materialmen's lien. Chapter 314, art. 1, Code.

Appellee Hawk was employed by Stokes, the general contractor who had agreed to build appellant Butler's house.

Was there an unpaid balance due Stokes when Hawk did the work and perfected and maintained his lien?

The case was tried by the court without a jury, and there was a special finding of facts. Section 9500, Code. The lower court held there was an unpaid balance in excess of the plaintiff's lien.

Appellant failed to insert in his statement of facts, the evidence upon which appellee did recover. The agreement of counsel was: "It was agreed in open Court by and between the attorneys for the respective parties that the defendants E. L. Butler and Mrs. E. L. Butler were the owners of that property described in the complaint. It was further agreed that the statement of lien was filed in the Probate Court as described in the complaint within the time prescribed by law."

The evidence further shows that on November 1, 1926, lien notice was served on appellant Butler; that it was "sufficient notice (that) was given" under the statute. Section 8840, Code. And Stokes the original contractor testified that payments indicated were made to him, and that he worked on that "job one week thereafter," with carpenters and laborers, and earned on the job $400; that "there was also some rock work which had to be done and this was completed. Butler agreed to pay for the rock work less 5%. It was agreed that the rock work had been completed and that the amount due for the rock work after deducting 5% was $195.00 which he agreed to pay on the last Saturday in October. On November 4th, 1928, there was unpaid balance due me in the sum of $600.00. I had a written contract to do this job for $9,550.00. I did not finish my job. I quit it. I left Alabama and went to Florida. On October 23, 1926, I received a check for $1,000.00 from E. L. Butler on architectural certificate. Mr. Butler paid me in all, the sum of $2,900.00. I received the last payment of $1,000.00 that was 85 per cent of the amount then due me, the 15 per cent being withheld according to the contract. After I received this check for $1,000.00 the men worked on one week without any pay."

The defendant testified that Stokes worked about a week after his payment of the $1,000 on October 23, 1926; that "the rock work

had been completed by Stokes and we agreed on the number of yards of rock excavated by Stokes, and a voucher was to be issued for payment on the last Saturday in October." Thus the evidence supported the finding of the trial court.

■ The amount a contractor has earned under his contract with an owner, unpaid and to become due, is the "unpaid balance" within the meaning of the statute (section 8832, Code); any sum of money earned by a contractor as of date of notice given the owner (section 8840, Code) is the "unpaid balance," subject to the lien and within section 8832. Richardson L. Co. v. Howell, 219 Ala. 328, 331, 122 So. 343; Alabama & Ga. L. Co. v. Tisdale, 139 Ala. 250, 36 So. 618; Cranford Mercantile Co. v. Wells, 195 Ala. 251, 70 So. 666.

■ The facts found by the court will not support the judgment rendered (Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905) under the evidence shown by the bill of exceptions.

It is undisputed that Stokes and his seven to ten laborers worked a week after the last payment was made, and that during this time an additional sum of $400 was earned, the rock work completed, and defendant-appellant agreed to pay $195 on the last Saturday in October. Yet the facts remain that the general contractor abandoned the work, and the owner had to act in the premises to his great injury in the completion of the house. It does not follow, as found by the court, that there may be recovery. Under the decision in Cranford Mercantile Co. v. Wells, supra, and authorities cited, that qualified the case of Alabama Ga. L. Co. v. Tisdale, supra, there can be no recovery for the fact there was no balance due, etc. See, also, Richardson L. Co. v. Howell, supra; Dixie L. Co. v. Young, 203 Ala. 115, 82 So. 129.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.